OLNEY R. CROSIER *vs.* RICHARD H. SHACK.

Franklin.    September 17, 1912. — January 27, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Way,* Private: extent of easement. *Deed,* Construction. *Automobile. Words,*
   "Necessary use," "As now used."

In a suit in equity, against the owner of land adjoining that of the plaintiff, to enjoin the defendant from obstructing the use by the plaintiff of a certain right of way across the defendant's land for the passage of an automobile and of a paint cart, it appeared that, when the land of the plaintiff and of the defendant was owned by a common grantor, such grantor conveyed to the plaintiff with his land "the necessary use of a private right of way from said Goose Lane as now used, across our premises on the east and south sides of said house to the within granted premises," and that by a later deed the same grantor conveyed to the defendant his land "excepting the right of way on the east and south sides of the house on the granted premises, as now used by and recently deeded to" the plaintiff. Goose Lane was a public way on which both lots of land abutted, and the plaintiff's lot also abutted on another public way. A master found, on evidence warranting such a finding, that "the right to use the way . . . for driving an automobile, paint carts, teams, and otherwise in a similar way, to the barn and the rear of the buildings on the plaintiff's premises and as used by the plaintiff," was "reasonably necessary for the full enjoyment of said premises." *Held,* that the words "necessary use" in the grant of the way to the plaintiff meant not a use by necessity but such use as was reasonably necessary to the full enjoyment of the plaintiff's land, that the words "as now used" were descriptive of the location of the way and not of the nature or manner of its use, and that the use reasonably necessary to the plaintiff's full enjoyment of the premises might vary from time to time with what constituted such full enjoyment, so that the plaintiff was entitled to a decree protecting him in his right to use the way for driving an automobile as well as for driving a paint cart.

MORTON, J. The plaintiff and the defendant own adjoining premises on the southerly side of Goose Lane, so called, a public street in the village of Shelburne Falls in the town of Shelburne. The defendant's premises are bounded on the west by the plaintiff's, and the plaintiff's on the west by Main Street, one of the

principal streets in the village. Both the plaintiff and the defendant derive title from a common grantor. The deeds were executed and delivered in 1904, the plaintiff's on April 25, and the defendant's on July 1. The deed to the plaintiff contains the following grant of a right of way to the plaintiff over the premises now belonging to the defendant: "Also the necessary use of a private right of way from said Goose Lane as now used, across our premises on the east and south sides of said house to the within granted premises." The deed to the defendant contained the following exception of the right of way thus granted: "Excepting the right of way on the east and south sides of the house on the granted premises, as now used by and recently deeded to O. R. Crosier." This is a bill in equity to restrain the defendant from obstructing the plaintiff in the use of the way thus granted. The case was sent to a master and on the coming in of his report a decree * was entered from which both parties appealed.

On the premises belonging to the plaintiff is a dwelling house occupied by him and fronting on Main Street. Connected with the dwelling house and fronting on Goose Lane is a building which has been used by the plaintiff as a paint shop. Near the southeast corner of his premises is a barn. There is a dwelling house on the defendant's premises occupied by him and fronting on Goose Lane. Attached to the dwelling house are a woodshed and a small outbuilding. The entire tract of land owned by both parties is practically level, and both Goose Lane and Main Street are practically on a level with the premises all the way round. It is practicable to go directly east on the plaintiff's premises from Main Street to the barn. During the past two years the plaintiff has been using the barn as a place for keeping his automobile. The master finds that "Prior to 1904, these premises entire had for a very long term of years been owned by the same person, and rented in part and used together as one property. During all this time access to the inside yard for the delivery of wood, coal, groceries and other things necessary and convenient for the use of the property by truck teams or otherwise, had been gained by entering upon the premises near the easterly end, from off Goose Lane," along the right of way in question, "while cer-

---

* Made in the Superior Court by *Aiken*, C. J. The master was Samuel D. Conant, Esquire.

tain goods and articles of merchandise had been put into the buildings along Goose Lane directly from the Lane." The master further finds that the plaintiff "leased and occupied the premises he now owns for twelve or fifteen years or more prior to the time of his purchase, and that during a part or all of said time and since he has become the owner, he has run his paint cart in and out over this way, and since he has become the owner he has carried long ladders over the way upon this paint cart, but it did not appear whether he had or had not done so prior to his purchase. The way has not been used for the passage of automobiles until within about two years last past." The defendant objected to the use of the way by the plaintiff for an automobile and a paint cart, but not for "other purposes, incident to the use of his property for ordinary family and household purposes." The master finds, "If it is material, . . . that the right to use the way mentioned in the plaintiff's deed, for driving an automobile, paint carts, teams and otherwise in a similar way, to the barn and the rear of the buildings on the plaintiff's premises and as used by the plaintiff, is reasonably necessary for the full enjoyment of said premises."

The decree required the plaintiff to desist from using the way for an automobile, which was what he appealed from, and enjoined the defendant "from interfering with the use by the plaintiff of said way from Goose Lane, in such manner as the said way has been used by the plaintiff during his occupation of the premises as a tenant, for ordinary and necessary household purposes and in his business as a painter, and in particular, from interfering with the use of said way as a passage-way for the plaintiff's paint carts whether loaded with ladders, goods or other implements of the painter's trade."

The defendant contends that by "necessary use" is meant use by necessity; — in other words that the way which is granted is a way by necessity. If that is not so then he contends that in the use of the way the plaintiff is limited to such use as was made of it at the time of the conveyance to him on April 25, 1904. We do not think that either contention can be maintained. A way by necessity is the subject of an implied not of an express grant. In the present case to construe the grant as that of a way by necessity would be to render the grant nugatory, since it is manifest

that the plaintiff can enter upon and reach all parts of his premises from Main Street. The fact that the way in question might be more convenient or advantageous would not render it a way by necessity. Moreover the grant in the present case was of a way that was in existence. The words, "as now used," are descriptive of the location of the way, not of the nature or manner of the use. We think therefore that by "necessary use" is meant not a use by necessity, but such use as is reasonably necessary to the full enjoyment of the plaintiff's premises. The master has found as already quoted, that "the right to use the way . . . for driving an automobile, paint carts, teams and otherwise in a similar way, to the barn and the rear of the buildings on the plaintiff's premises and as used by the plaintiff, is reasonably necessary for the full enjoyment of said premises." And we think that in view of the facts found by him as to the use of the way during the time that both premises had belonged to the same person and during the time that the plaintiff had occupied as a tenant the premises now owned by him, the finding was well warranted by the evidence before him. The establishment and use of such a way in connection with the premises now belonging to the plaintiff would go far to show that the use of it was regarded as reasonably necessary to the full enjoyment of those premises.

There is nothing we think in the grant contained in the plaintiff's deed or in the exception contained in the defendant's deed which limits the use of the way by the plaintiff to such use as he was making of it at the time of the conveyance to him. Any use reasonably necessary to the full enjoyment of his premises may be made of the way by him. And the use of it may vary from time to time with what is necessary to constitute full enjoyment of his premises. We think therefore that so much of the decree as requires the plaintiff to desist from using the way for an automobile should be reversed.

The result is that the plaintiff's appeal is sustained and the defendant's appeal dismissed, and the decree as modified affirmed, with costs.

*So ordered.*

*F. J. Lawler,* for the plaintiff.
*W. A. Davenport,* for the defendant.