(No. 15621.—Decree affirmed.)
JOHN A. MILLER, Defendant in Error, vs. JACOB WEIN-
GART et al. Plaintiffs in Error.

*Opinion filed April 24, 1925—Rehearing denied June 3, 1925.*

1. HIGHWAYS—*what may be considered in determining whether driveway shown on plat was intended to be public.* Where a plat of a subdivision (which is not a part of any city, village or town,) does not designate whether a driveway shown thereon is private or public, testimony of the owner as to his intention in platting the subdivision is competent on the question whether the driveway is public, and the fact that a deed to one of the lots platted specifically grants the privilege of using the driveway may be considered as showing that the owner did not intend to dedicate the driveway as a public way.

2. EASEMENTS—*driveway appurtenant to lot cannot be used for benefit of adjoining farm.* An easement appurtenant to a particular tract cannot be used in connection with another tract although the two tracts belong to the same owner and are adjoining, and hence the owner of a farm who purchases a lot in an adjoining subdivision under a deed which specifically grants the use of a driveway through the subdivision, cannot, of right, use the driveway in going to and from his farm, as such use increases the burden of the easement.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. E. D. SHURTLEFF, Judge, presiding.

V. S. LUMLEY, for plaintiffs in error.

JOSLYN & JOSLYN, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The defendant in error, John A. Miller, filed his bill in the circuit court of McHenry county to enjoin the plaintiffs in error, Jacob and Josephine Weingart, from using a driveway for purposes other than egress and ingress from and to lot 24 in John A. Miller's subdivision, to which the driveway was appurtenant. The plaintiffs in error answered the

bill, and alleged that by virtue of a deed to them from defendant in error's grantee to lot 24 they are entitled to use the driveway for any use to and from their farm or other property although not a part of the subdivision. A temporary injunction was allowed, and upon the issues being formed the cause was referred to the master in chancery to report the evidence and his conclusions of fact and of law. The master reported recommending that the temporary injunction be made permanent, which report was confirmed by the court and a decree entered in accordance with the prayer of the bill. The Weingarts prosecute this writ of error.

In 1920 defendant in error, being the owner of a tract of land on the south side of Fox river, subdivided that part of it fronting the river into twenty-four lots, which extended back from the river approximately 140 feet. Fox river there runs in a southwesterly direction, its course being more west than south. On the south ends of the lots so platted the defendant in error also platted the driveway in question, being 17 feet wide and extending the entire width of the lots and being practically parallel to the river. It joined another driveway at the southwest corner of the subdivision. This latter driveway ran in a southerly direction and into another driveway running east and west, which led to the public highway. The driveway platted did not extend farther east than the northeast side of the subdivision and at that point was intersected by a wire fence extending along the easterly side of defendant in error's subdivision. The land immediately east and adjoining the most northeasterly lot in the subdivision (lot 24) is the farm of plaintiffs in error, on which they resided, a short distance northeast of lot 24. They are also the owners of lot 24, having purchased it from the defendant in error's grantee, Paul Thies. There is a gate opening from lot 24 to plaintiffs in error's farm. By the deed from defendant in error to Thies to lot 24 it was provided that the grantee

should have the privilege of a right of way over the driveway in question. The deed from Thies to plaintiffs in error contained the same provision, and the lot was described in both deeds as lot 24 in the John A. Miller subdivision. The subdivision is not a part of any city, village or town, and it is not contended that defendant in error intended to lay out a city or village.

The evidence discloses that plaintiffs in error, after they purchased lot 24, began using the gate between their farm and lot 24 for the purpose of traveling from their farm to and on lot 24 and from thence to the public highway by means of the driveway in question; that they thus drove cattle over the driveway to and from their farm to the public highway, also a wagon loaded with a concrete mixer, and at other times a team and wagon to and from their farm. The children of plaintiffs in error thus used the driveway and lot 24 to drive a pony and cart to and from school, and on several occasions plaintiffs in error drove their automobile over the driveway to and from their farm. It is clear from the evidence that plaintiffs in error were using, and claiming the right to use, the driveway in question for the purposes of ingress to and egress from their farm in the manner aforesaid. There is some testimony in the record that Jacob Weingart, in conversation with defendant in error, stated that he had the right, under his deed, to so use the driveway, and that he was going to sell the privilege of passing across his farm and lot 24 to others, so that they could use the driveway in the same manner in traveling to and from the public highway. Both plaintiffs in error denied in their testimony any such intention to sell such right or privilege to others. They both testified that it was their understanding from the deed to lot 24 to them that they could use the driveway to their farm by first going through the gate to lot 24, and denied that that was the sole reason for their purchasing said lot. The defendant in error testified that it was not his intention, by platting the subdivi-

sion and the driveway, to dedicate the driveway to the public but to plat it as a private driveway for the use of the owners of the lots in his subdivision, and that it had never been used by the public as a driveway and had not been accepted as such by any public authorities. At the time the bill was filed he had sold all the lots in the subdivision except seven.

It is the contention of plaintiffs in error that the subdivision was surveyed and platted by the county surveyor and that the plat was acknowledged by the defendant in error before a notary public and recorded; that the driveway is designated on the plat as "driveway," and that no limitation is contained therein as to its use; that lot 24 was conveyed by defendant in error by reference to the plat; and that he is now estopped from denying that the driveway is a public way. The real question in the case is as to whether or not defendant in error intended to dedicate the driveway to the public as a public way or highway.

The testimony of defendant in error as to his intention in platting the subdivision and driveway was competent, and should be considered, in connection with all the other facts and circumstances in the case, in determining whether the driveway is private or public. (*Township of Lovington* v. *Adkins,* 232 Ill. 510.) After considering all of the facts and circumstances and the positive evidence in the case, we think that the master and the court were clearly warranted in their finding that the defendant in error did not intend to and did not dedicate the driveway to the public. It is not designated either as a private or a public driveway on the plat and it neither begins nor ends at a public highway. The driveway is bordered by the land of the defendant in error on the south, and it connects with the public highway by means of two private driveways leading from the southwesterly end of the driveway in question. The deed from defendant in error to plaintiffs in error's grantor to lot 24 specifically grants the privilege of using the driveway.

This would have been unnecessary had the driveway been a public highway and is a circumstance tending to show that the owner did not intend to dedicate the driveway as a public way.

The plat of the driveway and of the subdivision, and the grant in the deeds from defendant in error to the purchasers of the lots, created an easement in favor of the lots in the subdivision over the driveway. The extent of the easement was limited to the use, only, of the lot owners in the subdivision and while using the lots granted to them. The use of the driveway for the purpose of egress and ingress from and to plaintiffs in error's farm was an additional burden on the servient estate which was not included in the grant. The law is well settled that an easement that is appurtenant to one lot or tract cannot be used in connection with another lot or tract, although the other lot or tract belongs to the owner of the dominant estate to which the easement is appurtenant and although the two tracts or lots join. The owner of the dominant estate can not increase the burden imposed on the servient estate by the grant of the easement. This rule is applicable whether the way was created by grant, reservation, prescription or as a way of necessity. "One having a right of way to his land blackacre over the land of another has no right to drive his cattle to blackacre and then to other land beyond it." Jones on Easements, sec. 360; *Goodwillie Co.* v. *Commonwealth Electric Co.* 241 Ill. 42.

It is clear that plaintiffs in error cannot increase the burden upon the servient estate by using the driveway in connection with land not forming a part of the dominant estate. As owners of lot 24 they had the right to use the driveway for any legitimate purpose connected with the use of their lot, but that was the extent of their right to use the driveway.

The decree of the circuit court is affirmed.

*Decree affirmed.*