THE DIAMOND STATE TELEPHONE COMPANY, a corporation of the State of Delaware,

*vs.*

CHARLES WESLEY MACLARY.

*New Castle, July* 31, 1931.

*Clarence A. Southerland,* of the firm of Ward & Gray, and *Paul Leahy,* for complainant.

*William T. Lynam, Jr.,* for defendant.

THE CHANCELLOR: The defendant makes a general contention that the complainant has no right to maintain the lock-ring run through the trees at a height of only twenty feet from the ground. He advances two points in support of that objection.

One is that with the lock-ring run, the complainant will be under no necessity to trim the trees, whereas if it had maintained the open wires at a level of fifty feet above the ground, the complainant would have been compelled, by the necessity of protecting its uninsulated wires from contact with the trees, to keep the latter trimmed. Now, says the defendant, with the lock-ring run, the trees will need no trimming in the top, will grow heavy and probably split. The complainant, argues the defendant, is under an obliga-

tion to trim the trees so as to prevent their possible injury in that way, and hence, it has no right to maintain the lock-ring run.

The defendant misconstrues entirely the meaning of the reference in the deed granting the easement, to trees and their trimming. The language used places no duty on the complainant to trim trees. It simply confers a right, and its manifest purpose is to protect the complainant from any objection to the cutting of trees in case the clearance of the wires necessitated it. The usual insistence of property owners is that trees be not trimmed to make room for wires. The language of the agreement was to forestall such insistence. The first point merits no further notice.

The second point is that the complainant, by bringing its wires, which had been stretched between ten foot cross-arms fifty feet above the ground, down to about twenty feet above the ground and gathered together in two inch rings, has undertaken to enjoy an easement entirely different from that which it had been theretofore enjoying. The defendant relies on the proposition that when an easement is granted in indefinite terms and has once been selected and located, its location cannot be changed by either the owner of the land or the owner of the easement without the consent of the other party. The only shifting of location which this case shows is that which consists in bringing the wires down from cross arms ten feet in length from a height above the ground of fifty feet to a space whose compass is two inches in width and whose height is twenty feet from the ground. I cannot see any substantial change of location in that. If we view the matter technically, as the defendant appears to desire, the complainant whose right to use the defendant's land extends *ad coelum*, instead of changing the location of the air space it may use, has simply kept the location and dropped its use of it closer to the earth. It is as though the owner of a ten foot right of way over land wanted to use only eight feet of it, and the objection were made that if he used any, he must use all.

"It is an established principle that the conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." 9 *R. C. L.,* *p.* 784.

The easement in this case was such as to permit the defendant to fasten crossarms with their ten feet of spread on down the pole to within twenty feet of the ground or lower if reasonably necessary to accommodate the purposes for which the easement was granted, provided of course the defendant's rights were not infringed upon. *A fortiori* it could bundle its wires into a compact space at that distance above the ground.

If the defendant's property were injured in some way by the manner in which the complainant is using its grant, or his rights as owner were in some way unjustifiably impaired thereby, there might under some circumstances be a ground for complaint. But such is not the case. On the contrary, the evidence shows that the change has had only a beneficial effect upon the defendant's property, for if the lock-ring run had not been installed the defendant's row of trees would be cut with a great open lane through their foliage. There is not any hazard of increased danger to be apprehended from the lock-ring run, nor is there any new interference with the defendant's accustomed use of his land.

Whether the defendant has been guilty of laches in objecting to the change made back in 1922 or 1924, as the case may be, I do not stop to consider, for even if he has not, the complainant should have a decree.

Decree accordingly.