GUY C. EVANS AND WIFE, CHARLOTTE S. EVANS, v. CHARLES O'H. HORNE AND WIFE, RENA C. HORNE.

(Filed 16 October, 1946.)

**1. Dedication § 6—**

Where one purchases a lot with reference to a plat showing a street, which street is necessary to afford convenient ingress and egress to the lot, and the purchase is made prior to the effective date of G. S., 136-96 (8 March, 1921), the statute, by its express terms does not apply, and nonuser of such street for twenty years and the filing of a withdrawal of dedication is ineffective to terminate the easement of the purchaser or those claiming under him as against the dedicator or those claiming under him.

**2. Dedication § 4—**

Where the owner of land subdivides and plats it into lots and streets, and sells and conveys the lots or any of them with reference to the plat, nothing else appearing, he thereby dedicates the streets, and all of them, to the use of the purchasers, and those claiming under them, and of the public.

**3. Dedication § 6—**

The purchaser of a lot in a subdivision with reference to a plat showing streets acquires vested appurtenant rights therein which property rights cannot be destroyed by nonuser for twenty years and the filing of a declaration of withdrawal from dedication under G. S., 136-96.

APPEAL by defendants from *Carr, J.,* at March Term, 1946, of PITT.

Civil action to perpetually restrain defendants from "closing, obstructing or in any wise interfering with plaintiffs' use and enjoyment of" street adjacent to their property.

These facts appear to be uncontroverted:

In the year 1898 C. T. Mumford, who owned a tract of land situate in the southern section of the Town of Greenville, Pitt County, North Carolina, subdivided same into blocks, lots and streets, and caused a plat of the subdivision to be prepared, and, after amendment thereto, to be registered in the year 1917 in the office of the register of deeds for said county.   The blocks were designated alphabetically, the lots were numbered and the streets named.

As shown on the plat:

(1) Blocks A, B, C and D are located parallel and adjacent to, and west of the Atlantic Coast Line Railroad.

(2) Among the streets are (a) Albemarle Avenue, which is forty feet wide and runs in general north and south direction through Blocks A, B, C and D, with a tier of lots east of it, and west of the railroad right of way, and (b) Carolina Street, which is forty feet wide and runs in general east and west direction south of Block B and north of Block C, intersecting with Albemarle Avenue and crossing the railroad right of way.

(3) Lots 19 and 20 in Block B, owned by plaintiffs, are in the tier of lots lying between Albemarle Avenue and the railroad right of way—and front on said avenue approximately 120 feet—lot No. 20 being on the northeast corner of the intersection of Albemarle Avenue and Carolina Street, and runs with the northern margin of Carolina Street east to the railroad right of way, approximately 132 feet, and lot No. 19 lying immediately north of lot No. 20.

(4) Lots 19, 20, 21 and 22 in Block C, owned by defendants, are also in a tier of lots lying between Albemarle Avenue and the railroad right of way, and front on said street—lot No. 19 being on the southeast corner of the intersection of Albemarle Avenue and Carolina Street, and runs with the southern margin of Carolina Street to the east to railroad right of way, and lots 20, 21 and 22, in order, lying immediately south of lot No. 19.

(5) Lots 19 and 20 in Block B were conveyed by C. T. Mumford and wife in 1914, and title thereto has passed by *mesne* conveyances to plaintiffs, and lots 19, 20, 21 and 22 in Block C were conveyed by C. T. Mumford and wife in 1913, and title thereto has passed by *mesne* conveyances to defendants—in each of which conveyances said lots were described with specific reference to Albemarle Avenue and Carolina Street, as shown on the plat of the subdivision.

(6) Carolina Street has been opened to public use west of the east margin of its intersection with Albemarle Avenue, but the portion east of said east margin and lying between it and the railroad right of way has not been opened to public use, and a building has been erected on that portion of Carolina Street east of the railroad, and no crossing over the railroad on said street is open to public use.

(7) In September, 1944, Mrs. J. Caroline Mumford, as widow of C. T. Mumford, who made the subdivision and originally conveyed the lots hereinabove described, together with certain other persons as heirs at law of C. T. Mumford, acting under provisions of G. S., 136-96, filed in the office of the register of deeds of Pitt County a declaration of withdrawal of that portion of Carolina Street lying between Albemarle Avenue and the railroad right of way, immediately adjacent to, and lying

between the said lots of plaintiffs on the north and the lots of defendants on the south, by which they contend title in fee simple to said portion of Carolina Street was vested in them; and thereupon they executed a deed therefor to *feme* defendant, sufficient in form to convey a fee simple title thereto.

(8) Plaintiffs deny that the declaration of withdrawal had the legal effect of vesting in declarants title to said portion of Carolina Street, and deny that *feme* defendant acquired title thereto.

Plaintiffs, in pertinent part, allege in their complaint that notwithstanding defendants have not acquired and could not legally acquire the exclusive right or title to any portion of said Carolina Street, they are now threatening to close the portion thereof described in the deed from Mrs. J. Caroline Mumford and others to *feme* defendant, and have placed obstructions thereon, thereby preventing the plaintiffs from the use of the street and thereby depriving them of the full and complete enjoyment and use of their property to which they are legally entitled. Upon these allegations, in connection with the uncontroverted facts, plaintiffs pray that defendants be perpetually restrained from closing, obstructing or in any wise interfering with their use of said portion of Carolina Street.

Defendants, by way of further answer and defense, aver: (1) That by virtue of the deed from Mrs. J. Caroline Mumford and others to *feme* defendant, she is the owner in fee simple and entitled to the possession of the land covered by said portion of Carolina Street, the *locus in quo*. (2) That the land described in said deed has never been opened to the public as a street or used as a public thoroughfare, and was not used as a street or public thoroughfare for more than twenty years prior to 31 October, 1944, and same was not used, nor was the use of it necessary as a means of ingress or egress to and from any property owned by the plaintiffs or those under whom they claim. And (3) that such rights as accrued to plaintiffs and those under whom they claim title to lands in controversy, or any interest therein or easement thereon, accrued prior to 1921 and were not prosecuted within the time prescribed by statute, and plaintiffs and their predecessors in title are, therefore, barred and estopped to claim any interest in or title to the said lands, or easement over the same, and defendants plead said statute in bar of plaintiffs' alleged cause of action.

Temporary restraining order was continued to final hearing of the cause upon the merits.

Upon the trial on the merits, the plaintiffs offered evidence substantially in conformity with the uncontroverted facts, hereinabove stated, and defendants, reserving exception to refusal of their motion for judgment as of nonsuit at close of plaintiffs' evidence, offered evidence, and excepted to refusal of their motion for judgment as of nonsuit renewed at close of all the evidence.

The case was submitted to the jury upon these issues, which the jury answered as shown:

"1. Was the strip of land designated as 'Carolina Street' on Plaintiffs' Exhibit A, between Albemarle Avenue and the right of way of the A.C.L. RR Co. ever opened and used by the public as a street, as alleged in the complaint?  Answer: No.

"2. Is the continued use of said strip of land necessary to afford convenient ingress, egress and regress to the lot or parcel of land now owned by the plaintiffs as alleged?  Answer: Yes.

"3. Is plaintiffs' cause of action barred by the statute of limitations as provided in General Statutes, Section 136-96, as alleged in the Answer?  Answer: No."

Thereupon, the court entered judgment in which it is adjudged (1) "that the continued use of the strip of land known and designated on the map referred to in the pleadings as Carolina Street is necessary to afford convenient ingress, egress and regress to the lot or parcel of land now owned by the plaintiffs," and (2) that defendants, their heirs and assigns, be forever restrained and enjoined from in any manner closing, obstructing, or in any wise interfering with the plaintiffs' continued use of said strip of land described in the first issue, known as Carolina Street.

Defendants appeal therefrom, and assign error.

*J. W. H. Roberts for plaintiffs, appellees.*
*Harding & Lee and J. A. Jones for defendants, appellants.*

WINBORNE, J.  The assignment of error mainly relied upon by appellants is to the refusal of their motions for judgment as of nonsuit aptly made in trial court.  The position taken is that when those claiming under the dedicator, purportedly acting under the provisions of G. S., 136-96, entitled "Roads or streets not used within twenty years after dedication deemed abandoned," filed a declaration withdrawing the portion of Carolina Street in controversy from public or private use to which theretofore it had been dedicated, had the effect of destroying all rights of plaintiffs in and to that portion of the street.  This position is untenable in the light of the verdict on the second issue.  The provisions of G. S., 136-96, as therein expressly stated, have "no application in any case where the continued use of any strip of land dedicated for street or highway purposes shall be necessary to afford ingress or egress to any lot or parcel of land sold and conveyed by the dedicator of such street or highway prior to 8 March, 1921," the effective date of the statute.  Hence, the jury having found that the continued use of the strip of land in question is "necessary to afford convenient ingress, egress and regress to the lot or parcel of land now owned by the plaintiffs as

alleged" the provisions of the statute, G. S., 136-96, have no application, and the challenge to the ruling on the motions for judgment as of nonsuit on this ground may not be sustained.

Moreover, in the light of the holdings of this Court in the cases of *Ins. Co. v. Carolina Beach,* 216 N. C., 778, 7 S. E. (2d), 13, and *Broocks v. Muirhead,* 223 N. C., 227, 25 S. E. (2d), 889, on the uncontroverted facts, plaintiffs would seem to be entitled to the relief demanded as a matter of law.

It is a settled principle that if the owner of land, located within or without a city or town, has it subdivided and platted into lots and streets, and sells and conveys the lots or any of them with reference to the plat, nothing else appearing, he thereby dedicates the streets, and all of them, to the use of the purchasers, and those claiming under them, and of the public. This principle is set forth and applied in both *Ins. Co. v. Carolina Beach, supra,* and *Broocks v. Muirhead, supra,* where numerous other decisions of this Court are cited.

In *Ins. Co. v. Carolina Beach, supra,* the dedicated boulevard in question was shown on original plat as being ninety-nine feet wide, and lots owned by defendant were purchased with reference to this map. Later an amended map was filed, showing the boulevard to be eighty feet in width. Plaintiffs claimed ownership of the nineteen feet not included in the boulevard as shown on latter map—and relied upon certain acts of the General Assembly incorporating the town of Carolina Beach. In reference thereto, this Court stated: "To have deprived those who purchased lots with reference to the original map, and those claiming under them, of appurtenant rights in and to the streets, for the purpose of vesting such rights in another merely for private use would run counter to provisions of the Constitution of North Carolina, Art. I, section 17, and to the 14th Amendment of the Constitution of the United States."

And in *Broocks v. Muirhead, supra,* the dedicated alley extended from one street to another, and *feme* plaintiff bought lots fronting on a certain street and extending back to the alley. One end of this alley was opened to use by plaintiffs. But other end was not so opened, and defendants obtained deed therefor, and undertook to close it. This Court, after stating the general principle as to dedication of streets as hereinabove stated, held as follows: "Applying these principles to the factual situation in hand, the first contention of defendants that the court erred in refusing to grant their motion for judgment as of nonsuit for that there is no allegation or proof of 'any special, particular, or peculiar injury of a substantial nature' to plaintiff by reason of acts of defendants of which complaint is made, is met by the holding of this Court in *Hughes v. Clark* (134 N. C., 457, 46 S. E., 956), where it is declared that 'if the streets be obstructed there is created thereby a public nuisance, and each purchaser can, by injunction or other proper proceed-

ings, have the nuisance abated, as there is in all such cases an irrebuttable presumption of law that any complaining purchaser of a lot or lots has suffered peculiar loss and injury.'

"In this connection it must be borne in mind that plaintiff, Elsie E. Broocks, is not asserting rights enjoyed by the general public. She is asserting rights which were acquired when she purchased, and by reason of her purchase of lot 19 in Block C with reference to the map of Knollcrest subdivision. By such purchase she acquired the appurtenant right to use the 16 foot alleyway, and to have same kept open and freed of obstruction for her use. So far as she, as a purchaser, is concerned, the dedication of the alleyway was complete, irrespective of whether it was opened and accepted by the governing body of the city for public use. In such case an irrebuttable presumption of law arose that she 'has suffered peculiar loss and injury.' "

It will be noted that the present action, in factual situation, is distinguishable from the cases of *Sheets v. Walsh,* 217 N. C., 32, 6 S. E. (2d), 817, and *Foster v. Atwater, ante,* 472, 38 S. E. (2d), 316.

Appellants further contend that the court erred in admitting evidence as to the reasonable uses to which plaintiffs intended to make of their lots. In the light of the holding of this Court on the main assignment of error as hereinabove stated, the intended use of the property is immaterial to the decisive questions, and the admission of the evidence to which exceptions are taken, is harmless, particularly since plaintiffs are not seeking recovery of damages.

Other assignments of error have been given due consideration, and are not sustained.

No error.