H. P. BRANDIS ET AL. v. TRUSTEES OF DAVIDSON COLLEGE ET AL.

(Filed 9 April, 1947.)

**Declaratory Judgment Act § 2a: Trusts § 20—**

> While proceedings under the Declaratory Judgment Act, G. S., 1-253, *et seq.,* will be given wide latitude, a proceeding may not be maintained thereunder by trustees under a will to invoke the general equitable powers of the court to authorize them to sell, mortgage or lease a part of the trust property for benefit and preservation of the trust, since such remedy goes far beyond a mere declaration of plaintiffs' rights or a mere obtaining of direction to plaintiffs to do or refrain from doing any act in their fiduciary capacity, and judgment entered in such proceeding will be vacated and the proceeding dismissed.

DENNY, J., took no part in the consideration or decision of this case.

APPEALS by plaintiffs and defendants from *Clement, J.,* at November Term, 1946, of ROWAN.

Proceeding under Declaratory Judgment Act to sell part of trust property for benefit and preservation of trust.

Under the will of Maxwell Chambers, who died in 1855, certain lots in the Town of Salisbury are devised to the Elders of the First Presbyterian Church of Salisbury and their successors in office, "in trust for the use of said Church . . . and to be an appendage to said Church, reserving and withholding from them the right of selling the same or any part of them, but it is my desire that they (the Elders &c) shall so partition said lots off and have them so improved with buildings as will by their rent produce a Rev*inew* for said Church . . . if the Elders fail or neglect to execute the trust and conditions herein required of them, then . . . any . . . property or funds that I have or do hereinafter devise to the said Elders in *trust* for the use and benefit of said Church shall pass over and become vested in the Trustees of Davidson College and their successors *in trust* for the use and benefit of said institution on condition they keep the enclosure or building around and over our family burying ground & the church property in a good state of repair."

Plaintiffs allege that by reason of changed conditions, the lots devised to them in trust by Maxwell Chambers have now become very valuable business property and that plaintiffs "are not financially able to develop and handle the same profitably, and are unable adequately to partition off said lots and have them improved with buildings as will by their rent produce a revenue for said Church . . . and that said lots are, and will continue to be, a burden and not a benefit to said Church for the reason that plaintiffs are not financially able to keep up, develop and maintain the same adequately."

Wherefore, the plaintiffs ask to be authorized "to sell, mortgage, and/or lease the Church Square lots either as a whole or in parts, and, subject to the orders of the court, apply the proceeds to the erection . . . of a new Church and Sunday school building or buildings, and the creation of a reasonable maintenance fund for the same."

The heirs of the testator filed answer and cross-action, asserted failure of the trust and asked that the Trustees of Davidson College be required to assert their rights or disavow any claim to the property, and in the latter event, the heirs claim the property by forfeiture and reverter. Plaintiffs demurred to this cross-action. Overruled; exception.

The Trustees of Davidson College filed answer, renounced none of their rights and asked for protection of same.

The court entered judgment in accordance with the prayer of the complaint, and adjudged that the heirs at law and next of kin of the testator recover nothing by their cross-action.

Plaintiffs appeal from failure to sustain their demurrer to the cross-action.

The heirs at law of Maxwell Chambers appeal from the court's findings and judgment.

*Craige & Craige, Clarence Kluttz, and Kerr Craige Ramsay* for plaintiffs, appellants-appellees.

*J. M. Broughton* for heirs-at-law of Maxwell Chambers, defendants, appellants.

*John C. Kesler,* counsel for guardian ad litem, appellant.

No counsel for Trustees of Davidson College.

STACY, C. J.   We think the parties have misconceived their rights and remedies.   What the plaintiffs really want is advice and direction of a court of equity in the administration of a testamentary trust.   Yet, under a will which specifically withholds from the plaintiffs the right to sell the trust property, authority is sought in a proceeding under the Declaratory Judgment Act, G. S., 1-253-267, "to sell, mortgage, and/or lease" said property subject to the orders of the court; and this in the face of a provision in the will that if the plaintiffs "fail or neglect to execute the trust and conditions herein required of them" the trust property "shall pass over and become vested in the Trustees of Davidson College," in trust and on condition stated.

The problem confronting the plaintiffs is how to invoke the aid of a court of equity without evoking the devise over.   This question was not mooted on the hearing.   16 Am. Jur., 282.   Nor was it apparently in mind when the pleadings were drawn.   The heirs of the testator have no present interest in the matter, and the issues raised by them would seem to belong exclusively to the plaintiffs and the Trustees of Davidson College.   The real parties in interest have apparently refrained from joining issue in the matter.

While proceedings under Art. 26 of the General Statutes—Declaratory Judgments—have been given a wide latitude, *Insurance Co. v. Wells,* 225 N. C., 547, 35 S. E. (2d), 631; *Johnson v. Wagner,* 219 N. C., 235, 13 S. E. (2d), 419, nevertheless they are not without limitation, and it can hardly be said the court is expected to lend its general equity jurisdiction to such proceedings.   16 Am. Jur., 291.   The purpose of the statutory enactment is to grant "declaratory relief" and remove uncertainties when properly presented.   G. S., 1-256; *Light Co. v. Iseley,* 203 N. C., 811, 167 S. E., 56; *Walker v. Phelps,* 202 N. C., 344, 163 S. E., 726.   Here, the plaintiffs are seeking to go far beyond the mere declaration of their rights, or obtaining direction "to do or abstain from doing any particular act in their fiduciary capacity."   G. S., 1-255.

They frankly concede the necessity of invoking the general equity powers of the court. Their most pressing need just now would seem to be an escape from some of the allegations of the complaint. *Jones v. Habersham,* 107 U. S., 179, 27 L. Ed., 401. This we are disposed to grant by vacating the judgment and dismissing the proceeding as being in excess of the statutory authorization therefor. *Tryon v. Power Co.,* 222 N. C., 200, 22 S. E. (2d), 450; 16 Am. Jur., 302; 87 A. L. R., 1205.

Judgment vacated; proceeding dismissed.

DENNY, J., took no part in the consideration or decision of this case.