EFIRD L. HINE AND WIFE, MARIA F. HINE, LOUISE HINE WESTBROOK
    AND HUSBAND, GEORGE A. WESTBROOK, AND WACHOVIA BANK AND
    TRUST COMPANY, TRUSTEE FOR FRANCES J. HINE, MARGARET HINE
    HURLEY, AND GILBERT C. HINE UNDER THE WILL OF CECIL C. HINE,
    DECEASED, v. ELLIS BLUMENTHAL AND WIFE, MRS. ELLIS BLUMEN-
    THAL.

(Filed 3 March, 1954.)

1. **Declaratory Judgment Act § 2a—**
        An alleyway ending in a *cul-de-sac* was referred to in the respective deeds to contiguous lots. *Held:* The right to close a part of the alley at

the *cul-de-sac* end may be determined under the Declaratory Judgment Act, G.S. 1-253, G.S. 1-254, G.S. 1-256.

**2. Declaratory Judgment Act § 3—**

In an action under the Declaratory Judgment Act, all persons who have or claim any interest which would be affected by the declaration must be made parties, and the judgment cannot prejudice the rights of persons not made parties to the proceeding, G.S. 1-260.

**3. Same: Parties § 1—**

The owners of the fee in an alleyway in which owners of contiguous lots have an easement are necessary parties in an action under the Declaratory Judgment Act to determine whether a part of the alleyway at the *cul-de-sac* end may be closed, as against the contention of one lot owner that he had the right to have the entire alleyway kept open, G.S. 1-260.

**4. Same—**

In an action under the Declaratory Judgment Act to determine the right to close at the *cul-de-sac* end an alleyway in which contiguous lot owners have an easement, as against the claim of one lot owner that he has the right to have the entire alleyway kept open, lot owner who has leased her entire interest, as well as a party agreeing to lease the alleyway only in the event a part of it could be closed, *held* not necessary parties to the proceeding.

**5. Dedication § 3—**

Where land is subdivided and sold into lots with reference to a map showing streets and alleyways, the owner dedicates the streets and alleyways to the use of those who purchase the lots, regardless of whether the streets and alleyways be in fact opened or whether the dedication be accepted by the municipality in which the property lies.

**6. Dedication § 6—**

Where revocation of a dedication is made in the manner provided in G.S. 136-96, streets and alleys theretofore dedicated become private property and are not subject to any easement by reason of the dedication except in so far as their use may be necessary to afford convenient ingress to and egress from any lot previously sold and conveyed by the dedicator.

**7. Easements §§ 1, 2—Grantees of lots held entitled to easement in alley at rear only so far as its use was necessary to enjoyment of premises conveyed.**

The owners of the lands upon which a private alleyway was maintained, sold tracts of land on one side of the alleyway by deeds granting the respective purchasers and their assigns the privilege of using the alleyway "leading to" another alley running from street to street. One end of the alley in suit terminated in the alleyway running from street to street, and the other end terminated in a *cul-de-sac*. *Held:* The owners of the lot at the intersection of the alleys were granted an easement to use the alleyway in suit only from the rear of his lot to the other alley, or, if the grant of the easement in the deed was not so limited, such owners would have only such easement in the alley in suit as may be necessary to a reasonable and proper enjoyment of their premises, and therefore have no right to prevent

the closing at the *cul-de-sac* end of a part of the alley in suit not necessary to the reasonable ingress to and egress from their lot.

**8. Easements § 2—**

The express grant of an easement will convey by implication only such rights as are reasonably necessary to the fair enjoyment of the easement conveyed.

**9. Easements § 1—**

The conveyance of an easement will be construed to effectuate the intent of the parties as expressed in the instrument, and if the language is ambiguous the court will give it an interpretation which will effect a rational purpose and not one which will produce an unusual and unjust result.

BOBBITT, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *McSwain, Special Judge,* October Term, 1953, of FORSYTH.

This is an action instituted pursuant to the provisions of Article 26, Chapter 1, General Statutes of North Carolina, known as the Declaratory Judgment Act and codified as G.S. 1-253, *et seq.,* to determine whether or not a portion of the alley hereinafter described may be closed for a term of years.

The plaintiffs offered in evidence a map showing the alley and all other properties involved, marked "Plaintiffs' Exhibit 10," which will be referred to hereinafter as "Exhibit 10." The following facts, unless otherwise indicated, are not controverted:

1. The alley in controversy as shown on Exhibit 10 is 15 feet wide and 93.19 feet in length. At its southern terminus it intersects a 10-foot alley running between Liberty and Main Streets. At its northern terminus it ends in a *cul-de-sac*.

2. Prior to 20 September, 1909, lots Nos. 5, 6, 7, and 8, as shown on Exhibit 10 and fronting on Liberty Street, had a depth of only 70 feet. On the above date an area 18.5 feet in depth and 23 feet in width, lying adjacent to the rear of each of said lots, was purchased from George Roediger and wife, Laura Roediger, by the respective owners of the Liberty Street lots. Each deed was in fee simple and contained identical provisions with respect to the alley now in controversy. These provisions in the deed from George Roediger and wife to Rangie Davis, a predecessor in title to the lot now owned by the defendants, are as follows: ". . . and we hereby grant unto the said Rangie Davis, her heirs, administrator, and assigns the privilege of using the 15-foot alley situate on the east side of the above described property and leading to the alley in the rear of P. A. Thompson and others forever; the grantors herein agreeing to perpetually maintain said 15-foot alley." The alley referred to in the above deed as being "in the rear of P. A. Thompson and others" is the

alley shown on Exhibit 10, running between Liberty and Main Streets. All the above deeds were duly and promptly recorded in the office of the Register of Deeds of Forsyth County.

3. The heirs of George Roediger own all of the land lying on the east side of the 15-foot alley as well as the fee simple title to the alley itself, subject to the easements granted in the deeds referred to above.

4. In January, 1950, the heirs of George Roediger leased all their property as shown on Exhibit 10, as belonging to them, including the 15-foot alley, to S. H. Kress and Company (hereinafter referred to as Kress) for a term to end 31 December, 1989. Thereafter, in 1952, the present owner of Lot No. 8 as shown on Exhibit 10 leased it together with the easement appurtenant thereto in the 15-foot alley to Kress for a term ending 31 December, 1989. Both of these leases have been duly filed and recorded in the office of the Register of Deeds of Forsyth County. The plaintiffs have likewise contracted to lease Lot No. 7 as shown on Exhibit 10, including the easement in the 15-foot alley, to Kress for a similar period of time and Kress has agreed to accept the lease provided it is permitted to close that portion of the 15-foot alley adjacent to the rear of said lot.

5. Kress proposes to construct a building on Lots Nos. 7 and 8 as shown on Exhibit 10, and extending across the 15-foot alley and the northern end of the property leased from the Roediger heirs and connecting with the present store building of Kress, which will necessitate closing that portion of the 10-foot alley which lies east of Lots Nos. 7 and 8 and north of the northeastern corner of Lot No. 6, as shown on Exhibit 10. The heirs of George Roediger, U. K. Rice, Trustee for Lillian C. Moses, owner of Lot No. 8; Efird L. Hine, Maria F. Hine, Louise Hine Westbrook, Wachovia Bank and Trust Company as Trustee under the will of Cecil C. Hine, owner of Lot No. 7, and James W. Glenn and L. E. Glenn, owners of Lot No. 6, have executed a release and quitclaimed to Kress during the term of the aforesaid leases or any renewals or extensions thereof, all of the right, title and interest, if any they have, in and to that part of the alley which lies adjacent to the east of Lots Nos. 7 and 8 as shown on Exhibit 10. However, this release has not been recorded and will become null and void unless Kress can obtain a valid lease on Lot No. 7. The offer of Kress to lease Lot No. 7 from these plaintiffs is conditioned not only upon the execution of a valid lease to Lot No. 7 by them, but is further conditioned upon the right of the lessee to close the 15-foot alley in the rear of said lot.

6. It is alleged in plaintiffs' complaint that "it has already been finally adjudicated in a case similar to this, instituted in the Superior Court of Forsyth County by Lillian C. Moses by U. K. Rice, Trustee, *v.* Ellis Blumenthal, one of the defendants in this case, that said Ellis Blumenthal

has no right, title or interest in the 15-foot alley in the rear of the Moses lot, which lies adjacent to plaintiffs' property on the north." These allegations are denied in the defendants' answer.

7. The defendants herein refused to sign the release described in paragraph 5 above. The plaintiffs thereupon instituted this action praying an adjudication of the rights of defendants, if any they have, in that portion of the 15-foot alley which lies to the rear of plaintiffs' property, which adjudication is necessary before the plaintiffs can consummate their lease agreement with Kress.

When this cause came on for hearing, the parties waived a trial by jury and agreed that his Honor might hear the evidence, find the facts and enter final judgment. The court found, among other things, that the deed from George Roediger and wife to Rangie Davis to the plot of land at the east end of Lot No. 5, and the respective deeds to the plots of land at the east end of Lots 6, 7, and 8, made no reference to any plat or map, there being no plat or map in existence at the time; that the "language contained in the deed from George Roediger to Rangie Davis, after considering the physical conditions of the premises, that it was not the intent of the parties to that deed that any easement or other interest should be conveyed to Rangie Davis in that part of the alley involved in this action. The court, therefore, concludes as a matter of law that the defendants have no easement or any right, title or interest in or to that part of the alley involved in this action, and that the plaintiffs are entitled to the relief prayed for." Judgment was entered accordingly. The defendants appeal, assigning error.

*Womble, Carlyle, Martin & Sandridge for appellees.*
*Hastings & Booe and Ratcliff, Vaughn, Hudson, Ferrell & Carter for appellants.*

DENNY, J. The two primary questions which must be answered on this appeal may be stated as follows: (1) May the status of the parties with respect to their rights in the 15-foot alley involved herein be determined under the provisions of the Declaratory Judgment Act, G.S. 1-253, *et seq.?* (2) Does the easement granted in the deed from George Roediger and wife to Rangie Davis, which easement is now held by the defendants, give them an easement in that portion of the 15-foot alley which lies to the rear of Lot No. 7, as shown on Exhibit 10?

The Declaratory Judgment Act authorizes courts of record within their respective jurisdictions to declare rights, status, and other legal relations whether or not further relief is or could be claimed. G.S. 1-253. The Act also provides, among other things, that any person interested in a deed, will, or written contract, may bring an action to determine any

question of construction or validity arising in such deed, will, or contract, and "obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof." G.S. 1-254. Moreover, G.S. 1-256 contains the following provisions: "The enumeration in sections 1-254 and 1-255 does not limit or restrict the exercise of the general powers conferred in section 1-253 in any proceedings where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." *Brandis v. Trustees of Davidson College,* 227 N.C. 329, 41 S.E. 2d 833; *Tryon v. Duke Power Co.,* 222 N.C. 200, 22 S.E. 2d 450.

In our opinion the present controversy is one that may be adjudicated pursuant to the provisions of the Declaratory Judgment Act. In fact, we have heretofore held that the rights of parties with respect to an easement appurtenant, or by way of necessity may be determined in such an action. *Carver v. Leatherwood,* 230 N.C. 96, 52 S.E. 2d 1.

It will be noted, however, that when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. G.S. 1-260.

The plaintiffs, as owners of a dominant easement, certainly have the power to release their rights in such easement, and such release, when properly executed, probated and recorded, would be binding on a subsequent purchaser of the dominant estate. 28 C.J.S., Easements, section 61 (a), page 727, *et seq.* However, a release by the plaintiffs of their easement rights in the 15-foot alley involved herein, would in nowise affect the obligation of the owners of the servient estate with respect to their responsibility to the defendants, if they have any, in connection with that portion of the alley now sought to be closed. Hence, since the defendants allege and contend that they do have easement rights in that portion of the alley which lies to the rear of Lot No. 7 as shown on Exhibit 10, we hold the heirs of George Roediger, the present owners of the fee in the entire alley, subject to the easement referred to herein, are necessary parties to this action. G.S. 1-260. Therefore, they should be made parties plaintiff, but if they will not come in voluntarily and be made parties plaintiff, they should be brought in as parties defendant and required to show cause, if any they have, why the judgment in this action should not be binding on them. G.S. 1-73; *Bullard v. Johnson,* 65 N.C. 436; *Walker v. Miller,* 139 N.C. 448, 52 S.E. 125, 1 L.R.A. (N.S.) 157, 111 Am. St. Rep. 805, 4 Ann. Cas. 601; *Rental Co. v. Justice,* 212 N.C. 523, 193 S.E. 817; *Jones v. Griggs,* 219 N.C. 700, 14 S.E. 2d 836; *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892; *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843.

The owner of Lot No. 8, having already leased it to Kress for the entire period that Kress seeks to close the alley, and since she has no title interest in the alley, we hold she is not a necessary party to this action. Moreover, since the owners of Lot No. 6 have released all their right, title and interest in and to that portion of the alley now sought to be closed by Kress, if they have any interest therein, during the term of its lease, or any renewals or extensions thereof, in our opinion they are not necessary parties to the action. It is further held that since Kress has agreed to lease the plaintiffs' property only in the event it is determined that the alley in the rear of said property may be closed, it is likewise not a necessary party to the proceeding.

We must now decide whether the defendants, who are the present owners of the easement rights contained in the deed dated 20 September, 1909, from George Roediger and wife to Rangie Davis, have such rights in that portion of the 15-foot alley which lies to the rear of Lot No. 7 as shown on Exhibit 10, as to require it to be kept open for their use and benefit.

In this jurisdiction it is well settled that when land is subdivided into lots and a map is made thereof, showing streets and alleys, and lots are sold with reference to such map, the owner of the subdivision thereby dedicates the streets and alleys to the use of those who purchase the lots; and it makes no difference whether the streets and alleys be in fact opened or accepted by the governing board of the town or city in which the property lies. *Lee v. Walker*, 234 N.C. 687, 68 S.E. 2d 664; *Russell v. Coggin*, 232 N.C. 674, 62 S.E. 2d 70; *Evans v. Horne*, 226 N.C. 581, 39 S.E. 2d 612; *Foster v. Atwater*, 226 N.C. 472, 38 S.E. 2d 316; *Broocks v. Muirhead*, 223 N.C. 227, 25 S.E. 2d 889; *Insurance Co. v. Carolina Beach*, 216 N.C. 778, 7 S.E. 2d 13. However, when land has been so dedicated and the streets or alleys have not been opened for a period of fifteen years from and after dedication, they are conclusively presumed to have been abandoned by the public, provided the dedicator, or those claiming under him, shall file a certificate in the registrar's office in the county where the land lies, withdrawing the dedication in the manner provided by G.S. 136-96, as amended by Chapter 1091, 1953 Session Laws of North Carolina. *Russell v. Coggin, supra; Sheets v. Walsh*, 217 N.C. 32, 6 S.E. 2d 817; *Irwin v. Charlotte*, 193 N.C. 109, 136 S.E. 368.

Where a withdrawal of property from dedication has been made as authorized by statute, all the streets and alleys as shown on the map of such subdivision may be disregarded, except such streets and alleys as shall be necessary to afford convenient ingress and egress to any lot or parcel of land sold and conveyed by the dedicator of such street or alley. *Russell v. Coggin, supra; Evans v. Horne, supra; Insurance Co. v. Carolina Beach, supra; Irwin v. Charlotte, supra.*

We cite the above statute and decisions of this Court for the purpose of showing that when streets and alleys are withdrawn from dedication in the manner authorized by statute, they become private property and may not be subjected to any easement by reason of the previous dedication, except where it is necessary to use such street or alley to afford convenient ingress and egress to any lot or parcel of land previously sold and conveyed by the dedicator of such street or alley.

The alley under consideration is a private one; the lots adjacent to it were not sold with reference to any plat or map and the court so found. The court further found that the 10-foot alley, shown on Exhibit 10, was, on 20 September, 1909, and is now, a private alley extending from Liberty Street along the rear of the property of P. A. Thompson and others to Main Street; that the 15-foot alley, shown on the above exhibit, extends from the 10-foot alley to the Rominger Furniture Company building which extends from Liberty Street to Main Street, and that it occupied the same location on 20 September, 1909. Moreover, it is not contended that the defendants have ever had or ever will have any way of ingress and egress to the rear of their property over this 15-foot alley, except from and to the 10-foot alley leading from Liberty Street to Main Street. Their property fronts on Liberty Street; it is bound on the south by the 10-foot alley referred to above and on the east by the 15-foot alley which is the subject of this controversy.

The trial judge made a personal inspection of the premises by agreement of the parties and in company with the attorneys representing the plaintiffs and the defendants; and we do not think his findings in respect thereto had any prejudicial effect on the rights of the defendants, and their exceptions directed thereto are overruled.

In our opinion, the language used by George Roediger and wife, in granting the easement under consideration, indicates an intent on their part to limit the easement to one of ingress and egress to the respective properties conveyed. It will be noted that the grantee in each deed was given the right to use the 15-foot alley *situate on the east side of the described property and leading to the 10-foot alley in the rear of P. A. Thompson and others.*

We think the original grantors of the respective easements in the 15-foot alley realized that that part of the alley which lies to the north of Lots Nos. 5, 6, and 7 respectively, and which ended then and now in a *cul-de-sac,* was of no useful purpose to the respective grantees. Hence, they gave them an easement in that part of the alley situate on the east side of the property described in the respective deeds and to that portion of the alley leading from the respective properties to the 10-foot alley herein described. On the other hand, if it be conceded that reference to the 15-foot alley in the deeds was descriptive of the alley, rather than a

limitation on the grant, the defendants, as owners of the easement appli-
cable to Lot No. 5 as shown on Exhibit 10, are entitled to exercise only
such rights thereunder as may be necessary to a reasonable and proper
enjoyment of their premises.   17 Am. Jur., Easements, section 96, page
993, *et seq.; Lidgerwood Estates, Inc., v. Public Service Electric & Gas
Co.,* 113 N. J. Eq. 403, 167 A. 197; *Diamond State Telephone Co. v.
Maclary,* 18 Del. Ch. 142, 156 A. 223; *Crosier v. Shack,* 213 Mass. 253,
100 N.E. 607, L.R.A. 1918A 260; *Horton v. Shacklett,* 20 Tenn. App. 72,
95 S.W. 2d 936.   *Cf. Miller v. Weingart,* 317 Ill. 179, 147 N.E. 804, and
*Wood v. Woodley,* 160 N.C. 17, 75 S.E. 719, 41 L.R.A. (N.S.) 1107.

In 28 C.J.S., Easements, section 78, page 753, in discussing easements
by express grant, it is said: "While the grant of an easement carries with
it whatever is essential to its enjoyment, nothing passes by implication
as incident to the grant except what is reasonably necessary to its fair
enjoyment."   Likewise, "the creation of a private way does not take
from the owner of the land over which it passes any portion of the fee
of the soil.   Regardless of how acquired, a private way carries with it
by implication only such incidents as are necessary to its reasonable
enjoyment."   17 Am. Jur., Easements, section 101, page 998, *et seq.,* and
cited cases.

In *Stevens v. Headley,* 69 N. J. Eq. 533, 62 A. 887, the Headley Road
led from an established street known as South Street and ended in a
*cul-de-sac.*   The Court held Headley Road was a private way.   One
Lidgerwood had purchased two lots on Headley Road located about 625
feet from where it entered South Street.   The owners of all the lots at or
near the dead end of Headley Road sold them together with other adjacent
but undeveloped lands, consisting altogether of five acres, to Frederick
W. Stevens, the plaintiff.   Stevens undertook to close the road from its
dead end to his northeast line, which line was a distance of approximately
250 feet southwest of Lidgerwood's lots and more than 1,000 feet from
South Street.   Lidgerwood, one of the defendants in the case, opposed the
closing of any part of the road.   Therefore, the identical question now
before us was presented to the Court of Chancery of New Jersey.   *Pitney,
V. C.,* speaking for the Court, said: "I am unable to see how Lidgerwood
will be injured in the least by the closing of this road, as proposed by the
complainant.   The case is not only bare of any proof that he bought with
a view of making any use of or deriving any benefit from the existence of
the road at the point in question or that he can possibly derive any benefit
therefrom, but, on the contrary, it abundantly appears that the sole use
that he expected to make of the road was to have access over it to South
street.   I have said that the object of an estoppel is to promote justice.
To set it up and enforce it in this instance would, in my judgment, work
a gross injustice on the Headleys and the complainant, since it would

simply give to Mr. Lidgerwood a right to injure them without benefiting himself or his land, except in so far as it gave him power to compel the parties to buy him off."

In the case of *Patrick v. Insurance Co.*, 176 N.C. 660, 97 S.E. 657, it is pointed out that when reading a deed or deeds and considering the attendant circumstances, it is not difficult to reach a satisfactory conclusion as to what the parties meant; we are required by the settled canon of construction to so interpret such deed or deeds as to ascertain and effectuate the intention of the parties. *Walker, J.,* speaking for the Court, said: "Their meaning, it is true, must be expressed in the instruments, but it is proper to seek for a rational purpose in the language and provisions of the deed and to construe them consistently with reason and common sense. If there is any doubt entertained as to the real intention, we should reject that interpretation which plainly leads to injustice and adopt that one which conforms more to the presumed meaning, because it does not produce unusual and unjust results."

The defendants cite in support of their contentions the cases of *Aspinwall v. Enterprise Development Co.,* 165 Ga. 83, 140 S.E. 67, and *Frawley v. Forrest,* 310 Mass. 446, 38 N.E. 2d 631, 138 A.L.R. 999, and similar cases. The facts in these cases are clearly distinguishable from those on the present record.

After a careful consideration of the questions presented on this appeal, we are of the opinion that the court below reached the correct conclusion.

The judgment will be affirmed in so far as the present parties are concerned, but remanded for further proceedings with respect to additional parties as pointed out herein.

Remanded.

BOBBITT, J., took no part in the consideration or decision of this case.