JACK D. LOVIN AND WIFE, VOYCE JO LOVIN, AND JILES O. LOVIN AND WIFE, POLLY C. LOVIN v. CARMEL CRISP AND WIFE, GENEVA CRISP

No. 7730DC324

(Filed 2 May 1978)

1. **Easements § 3— water rights easement appurtenant to lands conveyed**

   A deed which conveyed a parcel of land to defendants, granted water rights to defendants in two springs on the lands of plaintiffs together with the right to construct and maintain "a water line across the lands" of plaintiffs, and provided that "the water rights conveyed shall run with the lands" of defendants created an easement appurtenant only to the land conveyed therein and to no other lands owned by defendants.

2. **Trespass § 7— water rights easement appurtenant to land conveyed—use for other lands—summary judgment**

   The trial court erred in entering summary judgment in favor of defendants in a trespass action where the pleadings and other materials showed that plaintiffs conveyed to defendants a parcel of land and an easement appurtenant only to such land giving defendants water rights in two springs on plaintiffs' lands and the right to construct and maintain a water line across plaintiffs' lands to the springs, and that defendants have constructed a water line on plaintiffs' lands to direct water from the springs to other lands owned by defendants. Even if the easement should be construed as being appurtenant to defendants' other lands, plaintiffs' allegation that defendants are in the process of preparing to create a reservoir upon plaintiffs' lands to collect waters from the springs gave rise to a substantial issue of material fact as to a trespass by defendants, since such activities would not be permissible under any interpretation of the easement.

APPEAL by plaintiffs from *Leatherwood, Judge*. Judgment entered 15 February 1977 in District Court, HAYWOOD County. Heard in the Court of Appeals 7 February 1978.

On 20 June 1963 the plaintiff appellants, the Lovins, conveyed by deed a parcel of land [hereinafter "parcel no. 1"] in Graham County referred to in the deed as "a part of the Pearlie Lovin Lot" to the defendant appellees, the Crisps. The deed also purported to grant water rights to the defendants in two springs on the lands of the plaintiffs together with the right to construct and maintain "a water line over and across the lands" of the plaintiffs to these springs.

Although it is not entirely clear from the record, the defendants have apparently exercised these water rights in some manner for a period of approximately thirteen years without complaint from the plaintiffs and with their consent. The plaintiffs allege in their complaint, however, that the defendants have recently attempted to obtain water from the springs to serve lands belonging to the defendants other than parcel no. 1. These other lands [hereinafter "parcel no. 2"] include some twenty acres owned by the defendants, which lie near parcel no. 1.

The plaintiffs brought this action in the District Court of Graham County on 10 September 1976 alleging that the defendants have trespassed upon the plaintiffs' lands by constructing a water line across them in order to divert water from the springs to parcel no. 2 and refuse to remove the line despite the plaintiffs' demands. The plaintiffs allege that the laying of water lines across their property in order to provide parcel no. 2 with water from the springs was not provided for by the "water rights clause" of the deed of 20 June 1963. The plaintiffs further allege that the defendants are preparing to excavate trenches and ditches across the lands of the plaintiffs for the purpose of burying the water lines and for the purpose of constructing a reservoir upon the lands of the plaintiffs in order to collect water from the springs. Additionally the plaintiffs allege that these actions by the defendants will result in irreparable damage to the plaintiffs' lands. The plaintiffs do not contest the right of the defendants, pursuant to the water rights clause of the deed, to maintain a water line across the plaintiffs' land in order to provide water from the springs to parcel no. 1 which was conveyed by the deed of 20 June 1963.

The defendants by way of answer and affidavit allege that the deed of 20 June 1963 granted them the right to the use of the

springs for the benefit of all of their lands and did not limit their use of the springs to uses for the benefit of parcel no. 1. The defendants contend they may construct water lines across the lands of the plaintiffs for the benefit of any lands the defendants may own. The defendants also contend that, by virtue of the water rights clause of the deed which had remained unquestioned for some thirteen years, the plaintiffs were estopped to deny such water rights, and their action should be dismissed. As further defenses, the defendants pled their recorded title to the water rights under a valid legal instrument, the deed of 20 June 1963, properly executed and recorded. From the trial court's entry of summary judgment for the defendants on 15 February 1977, the plaintiffs appealed.

*McKeever, Edwards, Davis & Hays, by Fred H. Moody, Jr., for plaintiff appellants.*

*Leonard W. Lloyd for defendant appellees.*

MITCHELL, Judge.

The plaintiffs, by their single assignment of error, contend that the trial court erred in granting summary judgment for the defendants. This assignment is meritorious.

The plaintiffs contend that summary judgment for the defendants was erroneous, and that a proper construction of the deed of 20 June 1963 reveals that, as a matter of law, it created an easement appurtenant to the lands conveyed by its terms and no other lands. The plaintiffs additionally contend that their complaint and affidavits raised substantial issues of material fact as to trespasses by the defendants, and summary judgment was erroneous.

Rule 56(c) of the North Carolina Rules of Civil Procedure provides, *inter alia*, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Thus, the two requirements for summary judgment are that

there be no genuine issue as to any material fact and that one of the parties be entitled to judgment as a matter of law.

In order to determine whether the two requirements for summary judgment were met in this case, we first undertake an examination of the deed of 20 June 1963 and, more particularly, the "water rights" clause of the deed purporting to create an easement. The deed first purported to convey to the defendants parcel no. 1, which was described as "a part of the Pearlie Lovin Lot." The clause purporting to convey an easement provides:

> WATER RIGHTS: The parties of the first part do hereby grant and convey unto the parties of the second part water rights to a spring located on the lands of the parties of the first part and known as the Old George Blankenship Spring, and the said parties of the first part also grants and conveys [sic] unto the parties of the second part water rights to a spring located on the lands of the parties of the first part, said location being approximately 300 feet Northeast of the Blankenship Spring, with the further right to install and maintain a water line over and across the lands of the parties of the first part to said springs and it is understood between the parties that the water rights conveyed shall run with the lands of the parties of the second part and shall be for their benefit and the benefit of their heirs and assigns.

The plaintiffs contend that the deed and the clause granting the easement are unambiguous, and provide an easement solely for the benefit of the lands conveyed therein and constituting parcel no. 1. The defendants also contend that the deed and easement are unambiguous. They contend, however, that an easement was created for the benefit of all of their lands and not only for the benefit of parcel no. 1. The defendants have not indicated whether their view, that an easement was created for the benefit of all of their lands, is limited to those lands which they owned at the time of the deed or is to include all lands then or later acquired.

An easement deed is a contract. *Weyerhaeuser v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962). When such contracts are plain and unambiguous, their construction is a matter of law for the courts. *Price v. Bunn*, 13 N.C. App. 652, 187 S.E. 2d 423 (1972); 2 Strong, N.C. Index 2d, Contracts, § 12, p. 311.

In undertaking to construe the intent of the parties as set forth in the deed and its "water rights" clause, we are required to look to the instrument in its totality. *Reynolds v. Sand Co.*, 263 N.C. 609, 139 S.E. 2d 888 (1965). We are additionally required to give the terms used therein their plain, ordinary and popular construction, unless it appears the parties used them in a special sense. *Taylor v. Gibbs*, 268 N.C. 363, 150 S.E. 2d 506 (1966); *Weyerhaeuser v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962); *Bailey v. Insurance Co.*, 222 N.C. 716, 24 S.E. 2d 614 (1943).

[1] Looking to the deed in question in its entirety and giving the terms used a proper construction, we find the deed and easement to be possessed of neither patent or latent ambiguity. In so finding, we conclude as a matter of law that the terms "land" and "lands" must be construed as interchangeable and synonymous where, as here, there is no clear expression of intent of the parties to the contrary. We additionally conclude that those terms in their plain, ordinary and popular sense, and as specifically used in the deed before us, remain interchangeable and synonymous. From such a reading of the entire deed, and no clear intent of the parties to the contrary appearing therein, we conclude and hold as a matter of law that the deed created an easement appurtenant to the lands conveyed therein and to no others.

Although we have found the terms contained in the deed of 20 June 1963 to be unambiguous, we would be required to give the easement conveyed an identical construction even had we found its terms less clear. Conveyances of easements are to be construed so as to accomplish the intent to the parties. Where the language employed in such conveyances is ambiguous, we will give it an interpretation which will effect a rational purpose and not one which will produce an unjust result. *Hine v. Blumenthal*, 239 N.C. 537, 80 S.E. 2d 458 (1954). If the interpretation of the easement pressed by the defendants should be adopted, it would be entirely uncertain as to which of their lands were to become a portion of the dominant tenement. We would be unable to determine whether the parties intended as a part of the dominant tenement those lands owned by the defendants on 20 June 1963 or those and all after acquired lands. Additionally we would be unable to determine whether the dominant estate was limited to those lands of the defendants adjacent to the lands of the plaintiff, or included all of the defendants' lands in Graham County, in

North Carolina or in the United States. The construction pressed by the defendants would, therefore, create a patent ambiguity as to the easement and render it void. *Oliver v. Ernul*, 277 N.C. 591, 178 S.E. 2d 393 (1971). We will not construe the deed and easement in question in such manner, and we avoid such an unusual and unjust result which would deny the defendants any easement for any of their lands. *Hine v. Blumenthal*, 239 N.C. 537, 80 S.E. 2d 458 (1954).

[2]  We have construed the deed and easement as creating an easement appurtenant with parcel no. 1 as the dominant tenement. When the deed and easement are so construed, the pleadings, affidavits and other materials filed by the parties raise genuine and substantial issues as to material facts relating to the plaintiffs' allegations of trespass. The trial court's entry of summary judgment in favor of the defendants must be reversed and the cause remanded for further proceedings consistent with this opinion.

We additionally note, that even should we construe the deed and easement as including parcel no. 2 within the dominant tenement, which we do not, substantial issues of material fact sufficient to prevent the proper entry of summary judgment would still arise from the pleadings. As a part of their complaint, the plaintiffs allege that the defendants are in the process of preparing to create a reservoir upon lands still owned by the plaintiffs and to collect waters from the springs upon such lands to their irreparable damage. The defendants have not contended here that such activities would be permissible under any interpretation of the deed and easement, and this allegation of the complaint gave rise to a substantial issue of material fact as to a trespass by the defendants under any of the constructions of the deed and easement urged by the parties.

For reasons previously set forth, the judgment of the trial court is

Reversed and remanded.

Judges MORRIS and CLARK concur.