ROLLINWOOD HOMEOWNERS ASSOCIATION, INC. v. GRANT D. JARMAN
AND WIFE, BRENDA M. JARMAN

No. 883DC477

(Filed 7 February 1989)

Easements § 7.2— landscaping easement next to subdivision—finding that easement was owned by plaintiff—evidence sufficient
        Evidence was sufficient to support the trial court's conclusion that an easement for "maintaining landscaping and shrubbery" was an exclusive easement, solely and exclusively owned by plaintiff, and that defendants' construction and use of a driveway over the easement interfered with plaintiff's use and enjoyment of the easement.

APPEAL by defendants from *Martin, James E., Judge.* Judgment entered 28 April 1988 in PITT County District Court. Heard in the Court of Appeals 30 November 1988.

Plaintiff is a North Carolina corporation with its principal office in Pitt County, North Carolina, which was formed to provide maintenance for the Rollinwood subdivision in Pitt County. Defendants are citizens and residents of Pitt County. Plaintiff is owner of an easement along Rollinwood Drive which enters the Rollinwood subdivision. This easement was created and reserved by Rollins Clustered Homes, Inc., the plaintiff's predecessor in title, as part of a conveyance of the servient property to defendants' immediate predecessor in title. When defendants purchased the servient property they purchased the property subject to the easement. Plaintiff used the easement for the placement of shrubbery and for landscaping so as to beautify the entrance to Rollinwood subdivision. Defendants constructed a used car dealership on property adjacent to Rollinwood Drive. It is this property that serves as the servient property to plaintiff's easement. During construction of the building on defendants' property, defendants and their employees drove across a portion of the easement onto defendants' property. This activity damaged a planter, caused the grass to die, leveled a small mounded area and generally damaged a portion of plaintiff's easement. Defendants asked plaintiff to allow them to construct a paved driveway over plaintiff's easement. This request was denied.

In May 1987, defendants began construction of a paved driveway across the easement. This construction was begun without plaintiff's consent, permission or authority. Defendants informed plaintiff that they intended to use the driveway for business traffic associated with the used car dealership. The paved driveway was completed and used by defendants in connection with their business.

On 14 May 1987, plaintiff filed this action against defendants, requesting a temporary restraining order enjoining defendants from construction of the driveway and its use by defendants and others. Plaintiff also sought preliminary and permanent injunctions enjoining defendants from construction and use of the driveway and ordering defendants to remove the driveway and return the easement to its original condition. Plaintiff also sought

possession and exclusive use of the easement. Plaintiff alleged that the easement had been conveyed to it via deed and that defendants' actions constituted a trespass on the easement. Defendants filed an answer in which they admitted the construction and use of the driveway, but asserted that plaintiff was not the exclusive owner of the easement and that defendants were entitled to its use as a driveway to their property.

The matter came on for hearing on 7 December 1987 before Judge Martin, without a jury. The trial court entered a judgment in which the plaintiff was found to have sole and exclusive possession of the easement. The trial court signed its written judgment on 28 April 1988. Defendants were adjudged to have trespassed on plaintiff's easement and were ordered to remove the driveway and to reconstruct the portion of the easement destroyed by the placement and construction of the driveway. Defendants were further ordered to repair the damage done to the easement and were permanently enjoined from interfering with plaintiff's use and enjoyment of the easement. Defendants appealed from this judgment.

*Patricia Gwynett Hilburn for plaintiff-appellee.*

*Williamson, Herrin, Barnhill & Savage, by Mickey A. Herrin; and L. Allen Hahn, P.A., by L. Allen Hahn, for defendant-appellants.*

WELLS, Judge.

Defendants assign error to the trial court's findings of fact, conclusions of law and the signing and entry of judgment in this case.

"In cases where the trial judge sits as the trier of facts, he is required to (1) find the facts on all issues joined in the pleadings; (2) declare the conclusions of law arising on the facts found; and (3) enter judgment accordingly." *Gilbert Engineering Co. v. City of Asheville,* 74 N.C. App. 350, 328 S.E. 2d 849, *pet. for disc. rev. denied,* 314 N.C. 329, 333 S.E. 2d 485 (1985). "The facts required to be found are the ultimate facts established by the evidence which are determinative of the questions involved in the action and essential to support the conclusions of law reached." *Id.* at 364, 328 S.E. 2d at 857. "If supported by competent evidence, findings

of fact made by the trial judge sitting without a jury are conclusive upon review in an appellate court, the weight and credibility of the evidence being for the trial judge." *Waters v. Humphrey,* 33 N.C. App. 185, 234 S.E. 2d 462, *pet. for disc. rev. denied,* 293 N.C. 163, 236 S.E. 2d 707 (1977). A trial court's conclusions of law must be supported by the determinative facts as found by the trial court. *See Curd v. Winecoff,* 88 N.C. App. 720, 364 S.E. 2d 730 (1988). The conclusions of law must in turn support the judgment as rendered by the trial court.

Defendants contend that the trial court erred by concluding that the plaintiff was the exclusive owner of the easement at issue. Defendants also contend that they have not materially interfered with plaintiff's use and enjoyment of the easement. Defendants argue that the uses for which the easement were reserved are nontraditional and, as expressed in the deed creating the easement, ambiguous.

The easement was originally created in a deed from plaintiff's predecessor in title to defendants' predecessor in title in February, 1985. The provision in the deed which created the easement reads as follows:

> A 15 foot easement for placing and maintaining landscaping and shrubbery is hereby reserved over this property along either side of the right of way of Rollins Drive as shown on the above mentioned map.

This provision was included verbatim in the deed from defendants' predecessor in title to defendants. The easement was conveyed to plaintiff by plaintiff's predecessor in title in a deed using substantially the same language.

"An easement is an interest in land and is generally created by deed; an easement created by deed is a contract." *Leonard v. Pugh,* 86 N.C. App. 207, 356 S.E. 2d 812 (1987). As we stated in *Leonard:*

> The controlling purpose of the court in construing such contracts, is to determine the intent of the parties at the time it was made. Where the language of a contract granting an easement is clear and unambiguous, the construction of the agreement is a matter for the court and reference to matters

outside the contract itself is not required for a correct construction.

*Id.* at 210, 356 S.E. 2d at 814 (citations omitted). When a court construes a conveyance of an easement, "the deed is to be construed in such a way as to effectuate the intention of the parties as gathered from the entire instrument." *Higdon v. Davis,* 315 N.C. 208, 337 S.E. 2d 543 (1985).

In the present case defendants argue that the trial court erred in concluding that plaintiff's easement was exclusive and that defendants' construction and use of the driveway across the easement interfered with plaintiff's use and enjoyment of the easement. Defendants contend that the term "landscaping" as used by the grantor of the easement in his conveyances is ambiguous and that plaintiff introduced no evidence at trial to show that defendants had interfered with the landscaping activities of the plaintiff. These contentions are without merit. The deed in which the easement was created clearly and unambiguously reserves an easement for "maintaining landscaping and shrubbery." This easement was reserved exclusively for the grantor, plaintiff's predecessor in title. Defendants received their parcel of land in a deed which recited verbatim the exclusive reservation of the easement. Defendants took their land subject to the easement. Plaintiff's predecessor in title conveyed "all right, title and interest" in its exclusive easement to plaintiff. We hold that this evidence was sufficient to support the trial court's conclusion that the easement was an exclusive easement, solely and exclusively owned by plaintiff.

In construing the provisions of a deed, an appellate court is "required to give the terms used therein their plain, ordinary and popular construction, unless it appears the parties used them in a special sense." *Lovin v. Crisp,* 36 N.C. App. 185, 243 S.E. 2d 406 (1978). The language used by the grantor in the deed conveying the easement to plaintiff in the present case is clear and unambiguous. Plaintiff's right to use the easement for the purpose of "placing and maintaining landscaping and shrubbery" along the sides of the entrance of the subdivision can be clearly and conclusively defined and understood. The term "landscaping" is readily susceptible to interpretation. There is competent evidence to support the trial court's conclusion that defendants' construc-

tion and use of the driveway interfered with plaintiff's use and enjoyment of the easement.

The trial court's findings of fact are supported by the evidence and these findings support the court's conclusions of law which in turn support the judgment entered. Accordingly, the judgment is

Affirmed.

Judges ARNOLD and COZORT concur.