CHARLES C. HUNDLEY AND WIFE, DEBORAH B. HUNDLEY v. KENNETH D. MICHAEL AND WIFE, FREDA J. MICHAEL, PATRICIA B. MALLOY, AND VAN O'NEAL BOLIN, JR. AND WIFE, TAMMY L. BOLIN, AND GUILFORD COUNTY

No. 9118SC317

(Filed 18 February 1992)

1. **Easements § 45 (NCI4th) — right of ingress and egress — exclusivity**

The trial court did not err by granting summary judgment for plaintiffs in an action concerning an easement providing the only access to a lot owned by defendants where the court ordered that plaintiffs are entitled to make full use of the property within Pat's Place Lane so long as they do not interfere with access for ingress and egress to the property of defendants. Absent explicit language to the contrary, the owner of land subject to an easement has the right to continue to use the land in any manner and for any purpose which

is not inconsistent with the reasonable use and enjoyment of the easement.

**Am Jur 2d, Easements and Licenses §§ 77, 89.**

2. **Easements § 45 (NCI4th) — right of ingress and egress — fence — injunction**

The trial court did not err by ordering defendants to remove a fence which they had constructed to keep plaintiffs from using an easement held by defendants. Easement holders may not increase their use so as to increase the servitude or increase the burden upon the servient tenement.

**Am Jur 2d, Easements and Licenses §§ 77, 79, 89-92.**

**Extent and reasonableness of use of private way in exercise of easement granted in general terms. 3 ALR3d 1256.**

APPEAL by defendants Michael from judgment entered 4 January 1991 by *Judge A. Leon Stanback, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 14 January 1992.

The facts of this controversy are not in dispute. In May 1985, Kenneth and Freda Michael (defendants) purchased certain real property known as Lot 2 from Patricia Malloy. At the time of purchase, Ms. Malloy granted defendants "a permanent and exclusive easement of ingress and regress over a road fifteen feet in width." This easement, known as "Pat's Place Lane," runs along the northern boundary of the adjacent Lot 3 which was also owned by Ms. Malloy and provides the only access to the main road for Lot 2.

On 15 July 1987, Patricia Malloy sold Lot 3 to Van O'Neal and Tammy L. Bolin. The Bolin's deed stated that the conveyance was made subject to the easement known as Pat's Place Lane. Defendants complained to the Bolins when the Bolins began parking vehicles on this road. Thereafter, defendants erected a fence along the entire southern border of the easement in order to keep the Bolins from using the road to gain access to Lot 3. The Bolins had other access to Lot 3 by way of Spencer-Dixon Road.

In July 1989, the Bolins sold Lot 3 to Charles C. and Deborah B. Hundley (plaintiffs). The Hundley deed recited the conveyance was made subject to the easement. Plaintiffs brought this action alleging they were entitled to make full use of the property within the easement so long as the use did not interfere with access

to the property of defendants and their use of the easement. Plaintiffs also alleged that defendants' act of placing a fence along the easement constituted a continuing trespass upon plaintiffs' property and therefore they are entitled to an injunction compelling the removal of the fence.

The trial court granted summary judgment to plaintiffs ordering that plaintiffs are entitled to make full use of the property within Pat's Place Lane so long as they do not interfere with access for ingress and egress to the property of defendants, and further ordering defendants to remove the fence.

*Turner Enochs & Lloyd, P.A., by Donald G. Sparrow, for plaintiff appellees.*

*Smith, Patterson, Follin, Curtis, James, Harkavy & Lawrence, by Marion G. Follin and Tomi W. Bryan, for defendant appellants Kenneth D. and Freda J. Michael.*

WALKER, Judge.

[1] In their first assignment of error, defendants contend the trial court erred in concluding plaintiffs are entitled to make full use of the property within the easement as long as plaintiffs do not interfere with defendants' access to Lot 2.

In asserting that plaintiffs have no right to make use of the property within Pat's Place Lane, defendants rely upon *Rollinwood Homeowners Association v. Jarman, Inc.*, 92 N.C.App. 724, 375 S.E.2d 700 (1989). In that case, a fifteen foot easement for the purposes of "placing and maintaining landscaping and shrubbery" existed in favor of plaintiffs' property. Defendants, the owners of the servient tenement, destroyed a portion of plaintiffs' shrubbery and placed a driveway over the easement. Defendants contended the term "landscaping" as used in the grant was ambiguous and that there was no evidence they interfered with the landscaping activities of plaintiffs. The Court said the grant of the easement for "maintaining landscaping and shrubbery" was clear and that defendants' construction and use of a driveway interfered with plaintiffs' use and enjoyment of the easement.

We do not consider *Rollinwood* to be dispositive of the present case. In *Rollinwood* the owners of the servient tenement attempted to make a use of the easement which was clearly contrary to the express purpose of the easement. In the present case, defendants

contend that Ms. Malloy intended for them to be the *only ones* to use the easement for ingress and regress since the easement was the sole access to their property and the grant was "exclusive." In determining what uses the servient tenement may make of the land within the easement the court should look to the words of the deed or instrument creating the easement. *Hine v. Blumenthal*, 239 N.C. 537, 80 S.E.2d 458 (1954). One must look at the language of the deed or instrument rationally and construe the language consistent with reason and common sense. If there is any doubt as to the parties' intentions, an interpretation should be adopted which conforms more to the presumed meaning, one that does not produce an *unusual* or unjust result. *Id.*

Ms. Malloy conveyed Lot 3 to the Bolins burdened with this easement. She elected not to retain the fee simple title to this fifteen feet of property or to convey it in fee simple to the Michaels. To have done so would have established her intent to give defendants an "exclusive" right to Pat's Place Lane. However, to now exclude the servient tenement owner from using the property within the easement would indeed produce an "unusual" result. Absent explicit language to the contrary, the owner of land subject to an easement has the right to continue to use his land in any manner and for any purpose which is not inconsistent with the reasonable use and enjoyment of the easement. *Chesson v. Jordan*, 224 N.C. 289, 29 S.E.2d 906 (1944). Therefore, we reject the interpretation urged by defendants. Obviously, plaintiffs cannot block or interfere with defendants' right of ingress and regress over Pat's Place Lane, but we agree with plaintiffs that the term "exclusive" as used here cannot be interpreted so as to exclude the owner of the servient tenement from using the property within the easement consistent with the purpose of the easement.

[2] Defendants next contend the trial court erred in ordering them to remove the fence which they had constructed to keep plaintiffs from using the easement. We note that an easement holder may not increase his use so as to increase the servitude or increase the burden upon the servient tenement. P. Hetrick, *Webster's Real Estate Law in North Carolina* Sec. 328 (rev. ed. 1981). If the easement holder makes an unwarranted use of the land in excess of the easement rights held, such use will constitute an excessive use and may be enjoined. *Hales v. Atlantic Coast Line Railroad Co.*, 172 N.C. 104, 90 S.E. 11 (1916).

As previously discussed, plaintiffs have the right to use their property within the easement consistent with the purpose for which the easement was created. However, by erecting the fence defendants have prevented plaintiffs from using Pat's Place Lane for egress and regress to Lot 3. Accordingly, the trial court properly entered an injunction requiring defendants to remove the fence.

Affirmed.

Judges ARNOLD and PARKER concur.