BUTLER DRIVE PROPERTY OWNERS ASSOCIATION, INC., ET AL, PETI-
TIONERS v. GROVER L. EDWARDS AND LUCY EDWARDS, HIS WIFE, ET AL,
RESPONDENTS

No. 916SC1263

(Filed 6 April 1993)

**Easements § 43 (NCI4th) — easement appurtenant — right of ingress
and egress — non-exclusive**

> The trial court did not err in a declaratory judgment
> action by finding that respondents, their heirs, assigns and
> legal representatives are entitled to the non-exclusive right
> of ingress and egress over and across Butler Drive where
> petitioners owned certain lots in Section I, Crescent Beach
> Subdivision and Crescent Beach Subdivision Extended; those
> lots are bounded on the north by Butler Drive; respondents
> own certain tracts or parcels that abut Butler Drive on the
> north side, opposite petitioners; all of the lots and parcels
> of land in question were owned by Norene K. Butler at one
> time; Norene Butler recorded certain restrictions on the lots
> in Section I, Crescent Beach; she conveyed lots subject to
> these restrictions but did not convey fee simple ownership
> of Butler Drive; Norene Butler devised all of her property
> to Frederick Butler, who conveyed lots subject to the restric-
> tions; the deed to the Edwards parcel states, "[t]ogether with
> the non-exclusive right of ingress and egress . . . over Butler
> Drive . . . limited to those persons who purchase all or a
> part of the property [described in the deed]; Frederick Butler
> and his wife conveyed to petitioner Butler Drive Property
> Owners Association a sixty-foot wide strip of land; the Edwards
> parcel was again conveyed with the same language pertaining
> to the right of ingress and egress over Butler Drive; three
> parcels of the Edwards Parcel were conveyed in three separate
> deeds, including one to a respondent and one to a petitioner;
> and all of the owners of the Edwards Parcel use Butler Drive
> for ingress and egress. Although petitioners argue that they

are entitled to use Butler Drive to the exclusion of the general public based on a theory of dedication, the grant of the Edwards Parcel by Frederick Butler and his wife to Lawrence and Mary Wright on 10 May 1978 contains language which clearly shows an intention of the parties to grant the right of ingress and egress over Butler Drive to the owners of the Edwards Parcel. The language in this grant of easement, coupled with the grant of the Edwards Parcel, creates an easement appurtenant over Butler Drive. Although subsequent deeds did not contain that language, it was not necessary because the easement is appurtenant and attaches to, passes with, and is an incident of ownership of the Edwards Parcel.

Appeal by petitioners from judgment entered 4 October 1991 by Judge Russell Duke, Jr. in Northampton County Superior Court. Heard in the Court of Appeals 2 December 1992.

Petitioners Butler Drive Property Owners Association, Inc., *et al*, brought this action seeking a declaratory judgment upon an exclusive easement over Butler Drive and injunctive relief to prevent respondents from using this easement. On 24 January 1991, respondents filed an answer in this action asking the court to determine that petitioners are not the exclusive owners of Butler Drive and that the respondents have the right to use Butler Drive. On 4 October 1991, Judge Russell Duke, Jr. entered judgment for respondents, finding that respondents, their heirs, assigns and legal representatives are entitled to the non-exclusive right of ingress and egress over and across Butler Drive. From this judgment, petitioners appeal. For the reasons stated below, we affirm the decision of the trial court.

*Cranford, Whitaker, and Dickens, by Cary Whitaker, for petitioner-appellants.*

*Ronnie C. Reaves, P.A., by Lynn Pierce and Ronnie C. Reaves, for respondent-appellees.*

ORR, Judge.

This declaratory action was brought to determine the rights of the parties as to a strip of land known as Butler Drive. Petitioners are owners of certain lots in Section "I", Crescent Beach Subdivision and Crescent Beach Subdivision Extended, Gaston Township, Northampton County. These lots are bounded on the

North by Butler Drive. Respondents are owners of certain tracts or parcels of land that abut Butler Drive on the North side, opposite that of petitioners. The parties stipulated to all of the facts set out below.

All of the lots and parcels of land in question were owned by Norene K. Butler at one time. Norene Butler recorded an affidavit dated 20 June 1969 which contained certain restrictions. The affidavit referred to by this stipulation placed these restrictions on the lots in "Section 'I', Cresent [sic] Beach, . . . in order to insure the most beneficial development of [the] area as a residential subdivision . . . ." Prior to her death, Norene conveyed certain lots which are subject to these restrictions, but, at no time before her death did she convey fee simple ownership of Butler Drive.

Norene Butler died testate, devising all of her property to her son Frederick Paige Butler. Frederick conveyed certain lots which are subject to the restrictions. By deed dated 10 October 1977, Frederick and his wife conveyed certain lots to petitioner Carl S. Thompson, Jr. By deed dated 10 May 1978, Frederick and his wife conveyed a parcel of land to Lawrence E. Wright, Jr. and wife, Mary D. Wright (the "Edwards Parcel"). The deed to which this stipulation refers to states, "[t]ogether with the non-exclusive right of ingress and egress . . . over Butler Drive . . . limited to those persons who purchase all or a part of the property [described in the deed], . . . ." The Edwards Parcel abuts Butler Drive on one side, opposite the lots in the subdivision which are bounded on the North by Butler Drive.

By deed dated 16 October 1979, Frederick and his wife conveyed a sixty-foot wide strip of land to petitioner Butler Drive Property Owners Association. Prior to this conveyance, Frederick had not conveyed fee simple ownership in Butler Drive. By deed dated 25 April 1986, Lawrence Wright, Jr. and Mary D. Wright conveyed the Edwards Parcel to respondent Grover Edwards. The deed to which this stipulation refers to contains the same language pertaining to the right of ingress and egress over Butler Drive. Grover Edwards and his wife conveyed three separate parcels of the Edwards Parcel to Agnes M. Hall, respondent Doris Olivia Edwards, and petitioner Branch H. Benton, by three separate deeds. All of these owners of the Edwards Parcel, including Grover Edwards and his wife, use Butler Drive for ingress and egress to and from their respective parcels.

Petitioners contend that the trial court committed reversible error in entering judgment allowing a non-exclusive right of ingress and egress over and across Butler Drive to all of the respondents, their heirs, assigns and legal representatives. We disagree.

It appears from petitioner's brief that the only ground brought forward in support of their contention that respondents are not entitled to a non-exclusive right of ingress and egress over Butler Drive is that no public dedication of Butler Drive was made. This case does not, however, deal with the issue of a public dedication. Instead, the issue before us is whether an appurtenant easement over Butler Drive has been created.

Petitioners argue that they are entitled to the right to use Butler Drive to the exclusion of the general public and thus to the exclusion of the respondents based on a theory of dedication. Petitioners cite several cases that address the issue of when a street in a subdivision is dedicated for use by purchasers of lots in that subdivision. Specifically, petitioners rely on the following language stated by our Supreme Court in *Cleveland Realty Co. v. Hobbs*, 261 N.C. 414, 421, 135 S.E.2d 30, 35-6 (1964):

> Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into streets, lots, parks and playgrounds, a purchaser of a lot or lots acquires the right to have the streets, parks and playgrounds kept open for his reasonable use, and this right is not subject to revocation except by agreement. (citations omitted). It is said that such streets, parks and playgrounds are *dedicated* to the use of lot owners in the development. In a strict sense it is not a dedication, for a dedication must be made to the public and not to a part of the public. (citation omitted). It is a right in the nature of an easement appurtenant. Whether it be called an easement or a dedication, the right of the lot owners to the use of the streets, parks and playgrounds may not be extinguished, altered or diminished except by agreement or estoppel. (citations omitted). This is true because the existence of the right was an inducement to and a part of the consideration for the purchase of the lots. (citations omitted).

Petitioners go on to quote language found in *Owens v. Elliott*, 258 N.C. 314, 317, 128 S.E.2d 583, 586 (1962) which states:

An acceptance by the public of an offer to dedicate a street or road must be by the proper public authorities—that is, by persons competent to act for the public, e.g., the governing board of a municipality or State Highway Commission. (citation omitted). To be binding, the acceptance by the public authority must be in some recognized legal manner. (citation omitted).

Further,

[a] person who purchases a lot or parcel of land situate outside the boundaries of a subdivision has no rights with respect to the dedicated streets of the subdivision other than those enjoyed by the public generally, even though his lot or parcel abuts upon one of the streets.

*Id.* at 318, 128 S.E.2d at 586 (citations omitted). Based on this and similar language, petitioners conclude that they have the right to use Butler Drive to the exclusion of respondents as purchasers of lots within a subdivision.

However, petitioners have failed to address the fact that respondents are not merely members of the "general public" or purchasers of a lot outside of the subdivision possessing no interest in Butler Drive. On the contrary, respondents are owners of a parcel of land with an appurtenant easement that gives them the right of ingress and egress over Butler Drive.

"An easement is a right to make some use of land owned by another without taking a part thereof." *Builders Supplies Co. of Goldsboro, N.C., Inc. v. Gainey,* 282 N.C. 261, 266, 192 S.E.2d 449, 453 (1972) (citations omitted). " 'No particular words are necessary to constitute a grant [of an easement], and any words which clearly show the intention to give an easement, which is by law grantable, are sufficient to effect that purpose, provided the language is certain and definite in its terms.' " *Dees v. Colonial Pipeline Co.,* 266 N.C. 323, 327, 146 S.E.2d 50, 53 (1966) (citations omitted). "An easement deed is a contract. When such contracts are plain and unambiguous, their construction is a matter of law for the courts." *Lovin v. Crisp,* 36 N.C. App. 185, 188, 243 S.E.2d 406, 409 (1978) (citations omitted).

"An appurtenant easement is an easement created for the purpose of benefitting particular land. This easement attaches to, passes with and is an incident of ownership of the particular land."

*Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 161, 418 S.E.2d 841, 846 (1992).

> A deed which conveys a portion of the grantor's property and in addition grants the right of ingress and egress over other lands of the grantor to a highway creates an easement in favor of and appurtenant to the land conveyed and subjects the remaining land of the grantor to the burden of such easement.

*Hensley v. Ramsey*, 283 N.C. 714, 729, 199 S.E.2d 1, 10 (1973) (citation omitted).

In the case *sub judice*, Frederick Butler and his wife granted the Edwards Parcel to Lawrence and Mary Wright in a deed dated 10 May 1978. Along with this grant of land, the deed contains the language:

> Together with the non-exclusive right of ingress and egress for the parties of the second part, their heirs, assigns and legal representatives, over Butler Drive as shown on the map hereinabove referred to, upon the condition that such right of ingress and egress over Butler Drive shall be limited to those persons who purchase all or a part of the property herein described, the parties of the second part and the heirs and legal representatives of the parties of the second part.

This language clearly shows an intention of the parties to grant the right of ingress and egress over Butler Drive to the owners of the Edwards Parcel, or in other words, a right to make some use of land owned by another without taking a part thereof. Additionally, based on the language in *Hensley*, the language in this grant of easement, coupled with the grant of the Edwards Parcel, creates an easement appurtenant over Butler Drive.

Subsequently, on 25 April 1986, the Wrights effectively conveyed the Edwards Parcel to respondents Grover and Lucy Edwards in a deed containing the same language set out above. Grover and Lucy conveyed three separate parcels of the Edwards Parcel to Agnes M. Hall, respondent Doris Olivia Edwards, and petitioner Branch H. Benton by three separate deeds. These deeds do not contain the language cited above, but this language is not necessary to convey the easement with these deeds because the easement is one appurtenant. Because the Butler Drive easement granted in the deed to the Wrights is an appurtenant easement, it "attaches

to, passes with and is an incident of ownership of" the Edwards Parcel. *See, Shear, supra.* Thus, the Butler Drive easement passes with the conveyance of the Edwards Parcel to give Agnes M. Hall, Doris Olivia Edwards, and Branch H. Benton the right of ingress and egress over Butler Drive.

Affirmed.

Judges ARNOLD and JOHNSON concur.