Z.A. SNEEDEN'S SONS, INC., PLAINTIFF v. ZP No. 116, L.L.C., DEFENDANTS AND THIRD-PARTY PLAINTIFF, AND LOWE'S HOME CENTERS, INC., AND McDONALD'S COR-PORATION, DEFENDANTS v. STUART SNEEDEN AND Z.A. SNEEDEN, L.L.C., THIRD-PARTY DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. JEFFREY ZIMMER, THIRD-PARTY DEFENDANT

No. COA07-1031

(Filed 6 May 2008)

## 1. Easements; Estoppel— consideration—mutual benefit—quasi-estoppel—summary judgment

The trial court did not err in an easement case by granting defendants' motion for summary judgment even though plaintiffs contend that defendants trespassed on plaintiffs' land by con-structing four exit lanes across plaintiffs' property because: (1) quasi-estoppel does not require detrimental reliance per se by anyone, but is directly grounded instead upon a party's acquies-cence or acceptance of payment or benefits by virtue of which that party is thereafter prevented from benefitting by taking two clearly inconsistent positions; (2) plaintiffs were paid and accepted $150,000 in consideration for the easement, and ZP and Lowe's also agreed to pay all costs required to reconfigure the intersection of the pertinent roads; and (3) plaintiffs are estopped from now asserting the easement did not give ZP and Lowe's access over the pertinent property when plaintiffs accepted pay-ment for and have enjoyed the mutual benefits of the easement and reconfiguration of the pertinent road for over five years.

## 2. Easements— summary judgment—sufficiency of description

The trial court did not err in an easement case by grant- ing defendants' motion for summary judgment even though plaintiffs contend the easement did not contain a sufficient description because: (1) although calls were missing within the easement's metes and bounds description, this omission does not

cause the easement to become ineffective and void; (2) Exhibit D3 clearly showed the location and path of the easement in relation to the adjoining properties; and (3) the Court of Appeals was able to derive the intention of the parties as to what land was to be conveyed based upon a review of the easement and its attached exhibits.

**3. Easements— separate agreement—amendment to declaration—summary judgment**

The trial court did not err in an easement case by granting defendants' motion for summary judgment even though plaintiffs contend defendants improperly granted rights over the Lowe's access easement to Wal-Mart in a separate agreement between defendants and Wal-Mart because: (1) the amendment to the declaration recognized that Wal-Mart had no rights at the time the document was executed and included a specific limitation that stated at such time as all of the Wal-Mart property is granted the benefit and the use of the access road, Wal-Mart will be required to pay a pro-rata share of costs to expand the road; and (2) the amendment evidenced the parties' intention that, as a third-party owner of an adjoining tract and stranger to the easement between the parties, Wal-Mart would not receive any easement rights across the pertinent property by virtue of the agreement between defendants and Wal-Mart.

**4. Easements— summary judgment—genuine issue of material fact—intention of parties—extrinsic evidence impermissible**

The trial court erred in an easement case by granting defendants' motion for summary judgment based on the issue of whether the easement between plaintiffs and defendants permitted defendants to pave a portion creating passage off defendants' property directly onto the pertinent road, and the case is remanded to the trial court to hear parol evidence regarding the meaning of the terms of the easement and to rule on whether the easement between the parties allowed for defendants to pave a portion of the Lowe's access easement not adjoining their property, and rule on whether defendants' actions overburdened the easement over plaintiffs' property.

Appeal by plaintiff, Z.A. Sneeden's Sons, Inc., and third-party plaintiffs, Stuart Sneeden and Z.A. Sneeden, L.L.C., from or-

Z.A. SNEEDEN'S SONS, INC. v. ZP NO. 116, L.L.C.

[190 N.C. App. 90 (2008)]

der entered 30 April 2007 by Judge Russell J. Lanier, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 21 February 2008.

*Boxley, Bolton, Garber & Haywood, L.L.P., by Ronald H. Garber, for plaintiff-appellant and for third-party defendants and third-party plaintiff-appellants Stuart Sneeden and Z.A. Sneeden, L.L.C.*

*Ward and Smith, P.A., by Ryal W. Tayloe and Thomas S. Babel, for defendant and third-party plaintiff-appellee ZP No. 116, L.L.C. and for third-party defendant-appellee Jeffrey Zimmer.*

*Hunton & Williams, L.L.P., by Robert C. Van Arnam, for defendant-appellee McDonald's Corporation.*

*Hogue, Hill, Jones, Nash & Lynch, L.L.P., by Wayne A. Bullard and Anna J. Averitt, for defendant-appellees Lowe's Home Centers, Inc.*

TYSON, Judge.

Z.A. Sneeden's Sons, Inc. and Z.A. Sneeden, L.L.C. (collectively, "plaintiffs") appeal order entered granting summary judgment in favor of ZP No. 116, Lowe's Home Centers, Inc., McDonald's Corporation, and Jeffrey Zimmer (collectively, "defendants"). We affirm in part, reverse in part, and remand.

## I. Background

In early 2000, Jeffery Zimmer and ZP No. 116 ("ZP") contemplated the development of several tracts of property near a shopping center located at the intersection of College Road and U.S. 421 in Wilmington. On 5 June 2000, the New Hanover County Board of Commissioners granted ZP a special use permit for retail uses in a conditional use B-2 Highway business zoning district. The special use permit was conditioned upon, *inter alia*, ZP "[i]ncorporat[ing] the existing Sneeden center into the design as much as possible through orientation and aligning drive aisles and entrances to existing uses." To satisfy this condition, ZP was required to partially gain access to its property through adjoining property owned by Z.A. Sneeden's Sons, Inc. ("Sneeden").

On 26 October 2000, Sneeden, ZP, and Lowe's Home Centers, Inc. ("Lowe's") entered into an easement agreement ("easement"), recorded in Book 2825, Page 276 of the New Hanover County

Registry. The easement granted Lowe's and ZP a non-exclusive access easement for "vehicular and pedestrian ingress and egress between Carolina Beach Road, South College Road, the Sneeden Property, the Zimmer Property, and the Lowe's Property . . . ." In consideration for the easement, Sneeden was paid $150,000.00. ZP and Lowe's also agreed to finance and complete the required construction needed to improve traffic flow on Sneeden Road.

Subsequently, construction on the reconfiguration of Sneeden Road commenced. ZP made various improvements to the easement area including: (1) relocating a portion of, widening, and paving the road and (2) installing curbing, stormwater drainage, and a new traffic light. ZP completed these improvements at a cost in excess of $1,000,000.00. Upon completion in February 2002, the general public began using the new access driveway on Sneeden Road to access Lowe's, McDonald's, and other businesses located on Sneeden's property.

On 12 December 2002, ZP applied to the New Hanover County Planning and Inspection Department for a building permit to construct a 28,000 square foot shopping center on ZP's tract of land, which is adjacent to Sneeden's and Lowe's tracts. ZP planned to construct the shopping center as retail shops and lease them to various tenants. The New Hanover County Planning and Inspection Department approved the building permit upon the condition that an access roadway be constructed between Sneeden Road and property located to the west of Sneeden's property, owned by Wal-Mart Stores East, Inc. ("Wal-Mart"). ZP complied with this condition and also installed an additional access driveway, which connected Sneeden Road to its property.

On 13 August 2003, Sneeden filed a complaint against ZP and Lowe's alleging: (1) ZP was attempting to extend its easement rights to Wal-Mart and Lowe's causing their invitees and guests to trespass on Sneeden Road; (2) Lowe's or Wal-Mart had no right to lay or maintain asphalt, curbing, or driveways near the western edge of Sneeden Road; (3) Sneeden was entitled to have the easement reformed to reflect Sneeden's, ZP's, and Lowe's intent based upon mutual mistake, mistake of a draftsman, and fraud; and (4) an unfair and deceptive trade practice claim against ZP.

On 30 October 2003, ZP filed an answer denying the material allegations therein and asserted the affirmative defenses of latches, estoppel, and waiver. On 1 December 2003, ZP amended its answer

and asserted three counterclaims against Sneeden including: (1) slander of title and (2) breach of contract. ZP also sought to permanently enjoin Sneeden from "obstructing or interfering with [ZP's] right to use, enjoyment, and benefits of such Access Easement Areas." On 4 February 2004, Sneeden filed an amended complaint joining third party plaintiff Z.A. Sneeden, LLC and sought to have the easement declared null and void.

On 30 August 2005, plaintiffs filed an additional motion to amend their complaint. Plaintiffs' motion stated, "it has recently come to the attention of [plaintiffs], through discovery in this case that a portion of land involved in this case is involved in this controversy and dispute where it has not been previously apparent that it was involved in the controversy and dispute." Plaintiffs' motion also sought to add two additional claims for relief: (1) an injunction to prohibit and prevent ZP's and Lowe's guests and invitees from entry upon plaintiffs' land and (2) a declaratory judgment as to the rights of the parties involving the private road connection from College Road to Lowe's business location. ZP and Lowe's subsequently filed amended answers again asserting the affirmative defenses of laches, estoppel, and waiver.

On 13 March 2006, the trial court ordered McDonald's Corporation to be joined as a necessary party. On 22 March 2006, plaintiffs filed a complaint against McDonald's Corporation as a party defendant. On 6 October 2006, McDonald's Corporation filed their answer and asserted the affirmative defense of laches, estoppel, and waiver. By 22 March 2007, defendants had moved for summary judgment.

On 30 April 2007, the trial court entered an order granting defendants' motions for summary judgment. The trial court dismissed ZP's counterclaims for slander of title and breach of contract without prejudice. Plaintiffs appeal.

## II. Issues

Plaintiffs argue the trial court erred by granting defendants' motion for summary judgment because evidence was presented that tended to show: (1) defendants agreed to a reformation of the easement agreement based on mutual mistake or mistake of the draftsman; (2) defendants had trespassed on plaintiffs' land; (3) the easement agreement failed to contain a sufficient description; and (4) defendants attempted to extend the right to access and use Sneeden Road to a tract of land not named in the easement agreement.

### III. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

### IV. Equitable Estoppel

[1] Plaintiffs argue the trial court erred by granting defendants' motion for summary judgment because defendants trespassed on plaintiffs' land by constructing four exit lanes across plaintiffs' property.

The physical area of land in controversy lies within the exit lanes of the main access driveway into the shopping center where Sneeden Road intersects with South College Road. The tract of property measures 56 feet by 107 feet. Plaintiffs allege they did not discover that a portion of the driveway was located on their property until 2005. Plaintiffs argue the easement does not grant Lowe's and ZP easement rights over this tract of property.

Equitable estoppel has been recognized in North Carolina as a valid legal doctrine. *Whiteacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 16, 591 S.E.2d 870, 881 (2004). Equitable estoppel should be applied:

> when any one, by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts exist, and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts.

*Id.* at 17, 591 S.E.2d at 881 (citation and quotation omitted).

North Carolina has also adopted the doctrine of quasi-estoppel. *Id.* at 18, 591 S.E.2d at 881. Quasi-estoppel "does not require detrimental reliance *per se* by anyone, but is directly grounded instead upon a party's acquiescence or acceptance of payment or benefits, by virtue of which that party is thereafter prevented from maintaining a position inconsistent with those acts." *Godley v. County of Pitt*, 306 N.C. 357, 361, 293 S.E.2d 167, 170 (1982) (citations omitted). "In comparison to equitable estoppel, quasi-estoppel is inherently flexible and cannot be reduced to any rigid formulation." *Whiteacre*, 358 N.C. at 18, 591 S.E.2d at 882. "[T]he essential purpose of quasi-estoppel . . . is to prevent a party from benefitting by taking two clearly inconsistent positions." *B & F Slosman v. Sonopress, Inc.*, 148 N.C. App. 81, 88, 557 S.E.2d 176, 181 (2001), *disc. rev. denied*, 355 N.C. 283, 560 S.E.2d 795 (2002).

Here, plaintiffs were paid and accepted $150,000.00 in consideration for the easement. ZP and Lowe's also agreed to pay all costs required to reconfigure the intersection of Sneeden Road and South College Road. ZP and Lowe's agreed to "rework the intersection" by widening the road thirty-six feet with two foot concrete curb and gutter, to account for the extra flow of traffic and to accommodate access to McDonald's and Sneeden's other tenants and property. Stormwater drainage and a traffic light were also installed. The total cost to reconfigure and improve Sneeden Road exceeded $1,000,000.00. ZP and Lowe's further agreed to maintain the newly configured roadway pursuant to the easement agreement. Subsequently, the general public, including plaintiffs' and defendants' tenants and their customers, began using Sneeden Road to access the shopping centers.

Plaintiffs accepted payment for and have enjoyed the mutual benefits of the easement and reconfiguration of Sneeden Road for over

five years. Plaintiffs are estopped from now asserting the easement did not give ZP and Lowe's access over the property in controversy. *Id.* This assignment of error is overruled. In light of our holding, it is unnecessary to review the remaining assignments of error addressing this tract of property.

## V. Easement Description

[2] Plaintiffs argue the trial court erred by granting defendants' motion for summary judgment because the easement did not contain a sufficient description. We disagree.

When an easement is created by an express grant:

No particular words are necessary to constitute a grant, and any words which clearly show the intention to give an easement, which is by law grantable, are sufficient to effect that purpose, provided the language is certain and definite in its terms. . . . *The instrument should describe with reasonable certainty the easement created and the dominant and servient tenements.*

*Hensley v. Ramsey,* 283 N.C. 714, 730, 199 S.E.2d 1, 10 (1973) (emphasis supplied) (citations and quotations omitted). The description of the easement "must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers." *Allen v. Duvall,* 311 N.C. 245, 249, 316 S.E.2d 267, 270 (1984) (citation and quotation omitted).

A grant of an easement will only be held as void:

when there is such an uncertainty appearing on the face of the instrument itself that the court—reading the language in the light of all the facts and circumstances *referred to in the instrument*—is yet unable to derive therefrom the intention of the parties as to what land was to be conveyed.

*Id.* (emphasis original) (citation omitted).

It is undisputed that the servient and dominant estates are clearly described within the easement. Therefore, the dispositive issue before us is whether the agreement contains a sufficient description of the easement created. We hold that it does.

Here, the easement agreement granted ZP and Lowe's an access easement "over and across the 'Lowe's Access Easement Area' " located on the Site Plan attached as Exhibit D. Three separate maps were attached to and recorded with the easement. Exhibits D1 and

D3 designated the property to be known as "Sneeden's Access Easement" and "Lowe's Access Easement."

Plaintiffs' main contention both in their brief and during oral arguments was that because certain calls were missing from the easement's metes and bounds description on the recorded map labeled Exhibit D3, the easement description was insufficient. Plaintiffs repeatedly asserted that if one was to plot the calls located on Exhibit D3, the easement would have no starting or end point.

Although calls were missing within the easement's metes and bounds description, this omission does not cause the easement to become ineffective and void. *See Kaperonis v. Highway Commission*, 260 N.C. 587, 598, 133 S.E.2d 464, 472 (1963) (citation and quotation omitted) ("Where a deed contains two descriptions, one by metes and bounds and the other by lot and block according to a certain plat or map, the controlling description is the lot according to the plan, rather than the one by metes and bounds."). Accordingly, Exhibit D3 determines whether the easement description is sufficient.

Exhibit D3 clearly shows the location and path of the easement in relation to the adjoining properties. Based upon a review of the easement and its attached exhibits, we are able "to derive therefrom the intention of the parties as to what land was to be conveyed." *Allen*, 311 N.C. at 249, 316 S.E.2d at 270. The description of the easement is sufficient. This assignment of error is overruled.

## VI.  Easement Rights

[3] Plaintiffs also argue that the trial court erred in granting defendant's motion for summary judgment because defendants: (1) improperly granted rights over the Lowe's Access easement to Wal-Mart in a separate agreement between defendants' and Wal-Mart and (2) the easement between plaintiffs and defendants did not permit defendants to pave a portion of the Lowe's Access easement in any area unless the paved portion created passage off defendants' property directly onto Sneeden Road. We find genuine issues of material fact regarding plaintiffs' second argument.

As a general matter, easements are "granted for the benefit of the particular land, and its use is limited to such land. Its use cannot be extended to other land, nor can the way be converted into a public way without the consent of the owner of the servient estate." *Wood v. Woodley*, 160 N.C. 17, 19-20, 75 S.E. 719, 720 (1912)

(citation and quotation omitted). To resolve these issues we review the easement itself.

"An easement deed is a contract. When such contracts are plain and unambiguous, their .construction is a matter of law for the courts." *Lovin v. Crisp*, 36 N.C. App. 185, 188, 243 S.E.2d 406, 409 (1978) (citations omitted). In order to construe the intent of the parties, "we are required to look to the instrument in its totality." *Id.* at 189, 243 S.E.2d at 409. "We are additionally required to give the terms used therein their plain, ordinary and popular construction, unless it appears the parties used them in a special sense." *Id.*

Plaintiffs cite an amendment to the Declarations of Covenants, Conditions, and Restrictions entered into between defendants and Wal-Mart in support of its argument that such rights have been granted to Wal-Mart. The "grantees" and "grantors" in this document refer to Wal-Mart and defendants, respectively. In relevant part, that document states:

> Each Party hereby grants to the other Parties easements for pedestrian and vehicular traffic in those strips of land on its (Grantor's) Parcel which are shown on the Site Plan and the Revised Site Plan (hereinafter collectively referred to as "Access Roads") for the purpose of providing ingress to and egress from Grantees' Parcels and each of N.C. Highway 132 (South College Road), the "Sneeden Access Road" (as designed on the Revised Site Plan), and U.S. Highway 421 (Carolina Beach Road)[.]

Plaintiffs fail to note that the access easements granted between defendants and Wal-Mart contain an important limitation: Subparagraph (a) of the same section on which plaintiffs rely, limits the effect of the language plaintiffs cited by expressly restricting the use of the access road easements to "any person entitled to the use thereof[.]" There is no dispute that Wal-Mart does not have rights to use the Lowe's Access easement or the area known as Sneeden Road. Defendants confirmed during oral argument that they make no claims that Wal-Mart is or was ever entitled to use the easement granted by plaintiffs to defendants.

Further, the amendment to the declaration recognizes Wal-Mart had no rights at the time the document was executed and includes a specific limitation that states, "at such time as all of the Wal-Mart Property *is granted the benefit . . .* and the *use of Sneeden Access Road*," Wal-Mart will be required to pay a pro-rata share of costs to expand Sneeden Road. (Emphasis supplied)). Although that provi-

sion dealt with the costs associated with improvements made by defendants to Sneeden Road and the Lowe's Access easement, it evidences the parties' intent that, as a third-party owner of an adjoining tract and stranger to the easement between the parties, Wal-Mart would not receive any easement rights across Sneeden's property by virtue of the agreement between defendants and Wal-Mart.

**[4]** Plaintiffs next argue that defendants, by paving a portion of the Lowe's Access easement so that it adjoins Wal-Mart's property, exceeded the scope of the easement agreement.

"[A]n easement holder may not increase his use so as to increase the servitude or increase the burden upon the servient tenement. If the easement holder makes an unwarranted use of the land in excess of the easement rights held, such use will constitute an excessive use and may be enjoined." *Hundley v. Michael*, 105 N.C. App. 432, 435, 413 S.E.2d 296, 298 (1992) (citation omitted). "[P]laintiffs [only] have the right to use their property within the easement consistent with the purpose for which the easement was created." *Id.* at 436, 413 S.E.2d at 298. We must determine whether the agreement allowed defendants to pave and use a portion of the Lowe's Access easement that was not a direct access off of defendants' property.

Two provisions in the easement between the parties are illustrative. The first states that, the Lowe's Access easement was granted "for the sole purposes of allowing . . . (ii) such maintenance, repair, . . . *and other improvements constructed by [defendants] . . . [on the Lowe's Access easement].*" Here, defendants, by paving a portion of the Lowe's Access easement, improved that easement—fulfilling one of the "sole purposes" of the easement. (Emphasis supplied). However, in the same section, the grant states that the easement "shall be for the benefit of [defendants'] [p]roperty or any part thereof[.]"

Defendants argue that providing an ingress and egress at Wal-Mart's property benefits defendants' property because defendants are able to access Sneeden Road at multiple locations. Plaintiffs, however, argue that the easement was never intended to allow defendants to access the easement from Wal-Mart's property and defendants' actions overburdened plaintiffs' property in a way not intended by the easement agreement.

Reading the easement as a whole, we are unable to determine whether the parties intended to allow defendants to pave and use portions of the Lowe's Access easement that did not adjoin defendants'

property. When the intent of the party is not clear from the written agreement, "extrinsic evidence is not permitted in order to add to, detract from, or vary the terms of an integrated written agreement, extrinsic evidence is admissible in order to explain what those terms are." *Century Communications v. Housing Authority of the City of Wilson*, 313 N.C. 143, 146, 326 S.E.2d 261, 264 (1985) (citation and quotation omitted). "[E]xtrinsic evidence as to the circumstances under which a written instrument was made has been held to be admissible in ascertaining the parties' expressed intentions, subject to the limitation that extrinsic evidence is not admissible in order to give the terms of a written instrument a meaning of which they are not reasonably susceptible." *Id.* at 147, 326 S.E.2d at 264 (citation and quotation omitted).

Because we are unable to determine the meaning of those terms, we reverse the trial court's grant of summary judgment for defendants and remand to the trial court to: (1) hear parol evidence regarding their meaning and to rule on whether the easement between the parties allowed for defendants to pave a portion of the Lowe's Access easement not adjoining their property and (2) rule on whether defendants' actions overburdened the easement over plaintiffs' property.

## VII. Conclusion

Based upon plaintiffs' acceptance of payment in consideration of the easement and the enjoyment of the mutual benefits derived from the reconfiguration and improvements to Sneeden Road, plaintiffs are estopped from now asserting that the easement agreement did not give ZP and Lowe's access over the 56 feet by 107 feet tract of property in controversy. The recorded easement and its attached exhibits clearly show where the easement is located in relation to the adjoining properties. The description of the easement is sufficient.

Finally, we find genuine issues of material fact exist regarding whether defendants were allowed to pave a portion of the Lowe's Access easement that did not adjoin their property and whether defendants' actions overburdened plaintiffs' property. The trial court's order is affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion.

Affirmed in Part; Reversed in Part; and Remanded.

Judges HUNTER and McCULLOUGH concur.